KENNETH FAGER, APPELLANT, v. PEVELY DAIRY COMPANY, A CORPORATION, RESPONDENT.—148 S. W. (2d) 61.

St. Louis Court of Appeals. Opinion filed March 4, 1941.

*William H. Allen, Alexander Kerckhoff* and *Daniel M. Kerckhoff* for respondent.

*Mark D. Eagelton* and *Roberts P. Elam* for appellant.

SUTTON, C.—This is a damage suit instituted in the Circuit Court of the City of St. Louis. The court sustained defendant's demurrer to plaintiff's petition, and gave judgment for the defendant. Plaintiff appeals.

The petition alleges that defendant, a corporation engaged in a milk and dairy products business, owned and operated a retail store for the sale of refreshments at the southwest corner of Grand and Chouteau Avenues, in St. Louis; that on July 9, 1937, plaintiff entered said retail store to do business with defendant; that said store was in a dangerous and unsafe condition in that there was located therein a cooling system which consisted in part of an outlet located in the wall of said store through which outlet large quantities of cold air were forced by the use of a motor-driven fan; that the location and position of said outlet caused a draft of cold air to be emitted against and toward plaintiff, directly thereby causing him to sustain an injury, described as a facial paralysis, which directly resulted from the negligence of defendant, in that (1) defendant knew or by the exercise of ordinary care could have known that the aforesaid outlet was likely to cause persons to be exposed to excessive amounts of forced air of an extraordinarily low temperature and thus and thereby rendered such store unsafe and dangerous in time for defendant thereafter by the exercise of ordinary care to have remedied said dangerous and unsafe condition; (2) defendant negligently caused, suffered, and permitted said outlet to emit large quantities of forced air of an extraordinarily low temperature into said store and against plaintiff; and (3) defendant negligently failed to warn plaintiff that large quantities of forced air were to be emitted

from said outlet, and that said air was of an extraordinarily low temperature, and that said condition was dangerous.

Plaintiff assigns error here upon the action of the court in sustaining the demurrer to the petition.

It is well-settled law that the true ground of liability of the owner of premises for an injury sustained by an invitee from a danger existing on the premises is the owner's superior knowledge of the danger. It is when the danger is known to the owner and not known to the invitee that a recovery is permitted. There is no liability for an injury from a danger that is obvious, or as well known to the invitee as to the owner. [Lindquist v. S. S. Kresge Co. (Mo.), 136 S. W. (2d) 303, 1. c. 305; Vogt v. Wurmb (Mo.), 300 S. W. 278; Cash v. Sonken-Galamba Co. (Mo.), 17 S. W. (2d) 927; Paubel v. Hitz (Mo.), 96 S. W. (2d) 369.]

The gist of the allegations of plaintiff's petition in this case is that plaintiff went into the defendant's retail store, which was equipped with a cooling system, and where refreshments were on sale, and voluntarily exposed himself to a draft of cold air forced from an outlet in the wall of the store by a motor-driven fan, whereby he sustained the injury for which he sues. He must have known when he entered the store on a summer day in July that it was equipped with a cooling system. He must have known when he encountered the draft of cold air that it was cold. The danger of exposing himself to the draft of cold air was as well known to him as it was known or could have been known to the defendant. It was not a lurking or hidden danger, such, for example, as poisonous gas issuing from a defective stove. It is true plaintiff alleges that the existing condition was dangerous and that the defendant was negligent in suffering the condition to exist. But why was it dangerous, and why was the defendant negligent in suffering it to exist? Because the draft of air which defendant caused or permitted to be forced or emitted from the outlet was cold. Who could have known that it was cold better than he? And who could have known the danger of exposing himself to it better than he?

It is clear that the petition fails to state a cause of action, and the demurrer was properly sustained.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.