260 S.W.2d 794 (1953)
DAGGS
v.
PATSOS et al.
Nos. 28660, 28661.
St. Louis Court of Appeals. Missouri.
September 15, 1953.
Rehearing Denied October 16, 1953.
*795 Moser, Marsalek, Carpenter, Cleary & Carter, J. C. Jaeckel, St. Louis, Mo., for appellants Gus Patsos and Emanuel Patsos, Partners, etc.
J. D. Leritz, St. Louis, for appellant Associated Grocers Co., of St. Louis.
Morris A. Shenker, B. J. Mellman, St. Louis, Mo., for respondent.
HOLMAN, Special Judge.
Plaintiff (respondent) Clara Daggbrought this action to recover for personal injuries she received when she fell while *796 leaving the Gold Star Market, which was owned and operated by defendants (appellants) Gus Patsos and Emanuel Patsos, as partners. At the time of the injury to plaintiff an employee of the corporate defendant, Associated Grocers Company of St. Louis (appellant), was engaged in making a wholesale delivery of canned goods to the store. A jury trial resulted in a verdict for plaintiff and against all defendants in the sum of $6,000. From the ensuing judgment the Associated Grocers Company and the owners of the market have filed their separate appeals.
The petition alleges that plaintiff was injured when she fell as she left the front exit of the store, her feet having come in contact with an unloading ramp on the step at said doorway. She alleged that the corporate defendant negligently placed the ramp on the step and allowed it to remain unattended and said exit was rendered "not reasonably safe" for persons leaving the store when said defendant knew that persons leaving the store were likely to trip or stumble over said ramp and fall and negligently failed to place a warning thereat or a guard or watchman to warn persons leaving the store of the presence of the ramp. The defendants Patsos were alleged to have been negligent in allowing said ramp to remain on said step when they knew or could have known of said condition in time to have removed the same or to have given a warning. Each of the answers denied the negligence alleged and pleaded contributory negligence on the part of plaintiff.
It was admitted that the defendants Gus and Emanuel Patsos were partners in the operation of a retail grocery and meat market at the intersection of Theresa and Franklin Avenues in St. Louis, Missouri.
Plaintiff's evidence tended to prove that the floor level of the front entrance into the store was about eight inches above the sidewalk. There was a stone step four inches high which rested upon the sidewalk adjacent to the entrance. Plaintiff, accompanied by her mother-in-law, Zelma Harris, went to this market at about eleven o'clock in the morning on July 7, 1948. She noticed nothing peculiar about the entrance as she went in. Twenty minutes later, carrying a large bag of groceries, she left the store by the same doorway. In making her exit plaintiff stepped on the stone step with her right foot and placed her left foot upon the wooden ramp. This foot slipped upon the sloping surface of the ramp causing plaintiff to fall and twist her left ankle. She was assisted to a taxi and taken to a hospital where an examination indicated that she had sustained a fracture of the left tibia, the fracture entering the ankle joint. There is no suggestion upon this appeal that the verdict is excessive and therefore nothing further will be said about the extent of plaintiff's injuries or disability.
There is considerable contradiction in plaintiff's testimony as to just when she first saw the ramp, somewhat different versions being given on direct examination, cross-examination and in depositions taken before trial. This is partially explained by the fact that it was apparent that plaintiff was very ignorant and did not understand the necessity of being exact and specific as to the time elapsing between the time she saw the ramp and stepped upon it. We have concluded from her testimony that she first saw the ramp after starting the fateful step and when it was too late to stop and thus avoid stepping on the same.
Herman Kernebeck, the truck driver for defendant Associated Grocers, was called as a witness for plaintiff. On the morning in question his task was to deliver about 150 cases of canned goods into the market. More than an hour was required to complete such a delivery. He stated that he arrived at about 10:30 and that to transport the goods from the truck into the store he used a two wheel hand truck. He also placed the ramp against the step so that he could make an easier pull into the store. This ramp was a board two inches thick, twelve inches wide and about five feet long. On one side of the board at each end was a metal peg about three inches long. Kernebeck placed the ramp lengthwise along the stone step, the side of the ramp resting on the pegs being up against the step. The other side rested on the walk, thus forming a slanting platform *797 about twelve inches wide from the step to the walk. The ramp did not overhang the step but actually was a little lower than the surface thereof.
This witness testified that he tried to warn all customers to watch the board but could possibly have missed some. He further stated that he saw plaintiff enter the store and that the ramp was in place at that time; that he had been engaged in making the delivery about 45 minutes when plaintiff fell; that he had made similar deliveries to this store on about four prior occasions and had used this ramp each time; that one of the defendants Patsos was always present when these deliveries were made.
Zelma Harris testified that she did not see the ramp upon entering the store although she saw a truck parked in front of the store. She did not witness the accident.
It appears further from plaintiff's testimony that the accident occurred on a dry, bright day. The ramp was dry and had no foreign substance thereon. That the bag of groceries did not interfere with plaintiff's vision of where she was walking. Other facts will appear in the course of the opinion.
At the outset the defendants contend that the court erred in overruling their motions for a directed verdict. They assert that there was no proof of negligence on the part of the defendants. This contention is based upon the premise that plaintiff saw or in the exercise of ordinary care should have seen the ramp and therefore there was no duty on defendants to warn her. It is well settled that the proprietor of a store owes an invitee the duty of exercising ordinary care to keep the premises in a reasonably safe condition. It is also clear that there is no liability for injuries resulting from dangers that are obvious or as well known to plaintiff as to defendant. In such a situation there is no superior knowledge on the part of the proprietor and therefore no duty to warn.
The application of these rules to a specific factual situation is often difficult. The defendants argue that cases such as Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369; Vogt v. Wurmb, 318 Mo. 471, 300 S.W. 278; and Schmoll v. National Shirt Shops, 354 Mo. 1164, 193 S.W.2d 605, are controlling. With this we do not agree. In each of those cases the plaintiff admittedly observed the condition which subsequently caused the injury and was possessed with all of the information known to the proprietor concerning the danger, if any, and the care required to use the premises with safety. In the instant case, as already mentioned, we construe plaintiff's testimony as indicating that she did not see the ramp until it was too late to avoid stepping thereon. Was the ramp so obvious that plaintiff would be charged with constructive knowledge of its presence in time to have avoided stepping upon it? If so, there was no duty upon defendants to warn her and she would also be held guilty of contributory negligence, as a matter of law, in not seeing it.
We have decided that it was proper for the jury to be permitted to determine whether the plaintiff in the exercise of ordinary care should have seen the ramp and avoided stepping thereon. The law, under circumstances such as existed here, does not require that a person meticulously observe every spot upon which he intends to place his foot when walking. The plaintiff was a regular customer at this store and therefore was fully aware of the usual condition of the exit. In the absence of the ramp it was certainly not a dangerous exit as there was only one low step before reaching the sidewalk level. The board was only twelve inches wide and was placed against the step. When we consider that plaintiff was emerging from the store into the bright sunlight and stepped upon the ramp upon her second step after leaving the floor level, it could hardly be said that she should be charged with knowledge of the presence of the ramp, as a matter of law, in time to have avoided stepping upon it. Bankhead v. First National Bank of St. Louis, Mo.App., 137 S.W. 2d 594; Summa v. Morgan Real Estate Co., 350 Mo. 205, 165 S.W.2d 390. We have not overlooked the fact that upon cross-examination *798 plaintiff testified in a general way that she was looking where she was going as she came out of the store. Under the circumstances of this case we do not think that should change the conclusion we have reached.
The defendants Gus and Emanuel Patsos make the further contention that no case was made against them because there was no evidence to establish notice on their part of the presence of the ramp, either actual or constructive. We see no merit to this claim. Kernebeck testified that he had made four prior deliveries to this store; that on each such occasion he used this ramp and at least one of the partners was in the store; that it required about one hour and fifteen minutes to unload each delivery and that he had been unloading for about 45 minutes on the occasion in question, when plaintiff was injured. Gus Patsos was in the store while the delivery was being made just prior to the injury to plaintiff. An employee, Michael Patsos, also in the store at that time, testified that he knew that persons making deliveries sometimes used a ramp although he had known of occasions when deliveries were made without the use of same. While his testimony is not very clear on the point we think it fair to conclude that he knew that Mr. Kernebeck had sometimes used the ramp on prior occasions.
We think this evidence is sufficient to authorize a finding of constructive notice to these defendants of the existence of the ramp on the occasion indicated, in time for them to have warned the plaintiff before the occurrence of the injury. It may be that plaintiff is not entitled to the benefit of the testimony of Kernebeck that the ramp had been in place for 45 minutes before the accident as such is in conflict with her testimony that it was not there when she entered the store 20 minutes before she fell. However, we do not deem the time element of much importance in view of the other evidence. Since it appears that this driver had used the ramp while making four prior deliveries lasting an hour and fifteen minutes each and the store employee actually knew that on occasions he used the ramp, these defendants were charged with notice of the use of the ramp on the occasion of plaintiff's injury from the time Kernebeck brought his first load of goods into the store and there was no necessity that any substantial period of time elapse.
To support their position these defendants cite Varner v. Kroger Grocery & Baking Co., Mo.App., 75 S.W.2d 585; Robinson v. Great Atlantic & Pacific Tea Co., 347 Mo. 421, 147 S.W.2d 648; and Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401. For the reasons heretofore indicated these cases are not applicable here as they deal with the issue as to whether a foreign substance has been shown to have been upon the floor of the store for a sufficient length of time to give notice thereof to the storekeeper.
Defendants next assert that it was reversible error to give Instruction No. 1 at the request of plaintiff. The error urged is that the instruction directed a verdict for plaintiff without requiring a finding that plaintiff had no knowledge of the dangerous condition complained of in time to have avoided stepping thereon and therefore receiving the consequent injury. We have concluded that defendants are correct in this contention.
It is clearly the law that absence of knowledge of the dangerous condition, on the part of plaintiff, is an essential element of plaintiff's case. The theory of liability in this type of case is that the unsafe condition is known to the owner and unknown to the invitee. There is no liability for an injury from a danger that is obvious or as well known to the invitee as to the owner. Fager v. Pevely Dairy Co., 235 Mo.App. 1036, 148 S.W.2d 61; Paubel v. Hitz, supra; Vogt v. Wurmb, supra.
A case precisely in point is Schwartz v. S. S. Kresge Co., 238 Mo.App. 1165, 185 S. W.2d 37, in which the Kansas City Court of Appeals, with a similar factual situation involved, held that the giving of plaintiff's verdict directing instruction was reversible *799 error because it failed to require a finding that plaintiff had no knowledge of the dangerous condition causing the injury.
Plaintiff seeks to avoid the force of these decisions by suggesting that this issue was fully submitted to the jury in Instructions 5, 6, 7 and 8, given at the request of the defendants. These instructions told the jury, in effect, that if plaintiff saw or in the exercise of ordinary care could have seen the ramp in time to have avoided stepping thereon, the verdict should be for the defendants. While this is the converse of the manner in which the issue would have been submitted in plaintiff's instruction, it must be conceded that it required a finding that plaintiff had no knowledge of the existence of the ramp in time to have avoided the unfortunate step and if the jury had found otherwise its verdict would have been for the defendants.
This, however, does not authorize us to conclude that the error in omitting this required element from plaintiff's instruction was harmless and hence not reversible. All of the authorities hold that error in omitting one of the necessary elements of plaintiff's case from an instruction directing a verdict for plaintiff cannot be cured by including the omitted element in other given instructions. Banta v. Union Pac. R. Co., 362 Mo. 421, 242 S.W.2d 34; Scott v. Missouri Ins. Co., Mo.App., 246 S. W.2d 349.
Plaintiff further contends that the omission under consideration was cured because the instruction contained a requirement that the jury find that plaintiff was in the exercise of ordinary care for her own safety at the time. No authority is cited in support of this argument and we have been unable to find any. It is our view, however, that a general finding that plaintiff was exercising ordinary care at the time would not be an adequate substitute for the required finding of a specific fact essential to plaintiff's recovery.
Complaint is also made of the wording in plaintiff's Instruction No. 11. This instruction required defendants "to prove to the reasonable satisfaction of the jury" the defense of contributory negligence. The inclusion of this phrase in burden of proof instructions has been held to be error because it casts a greater burden on the party than required by law. Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767; Wilt v. Moody, Mo.Sup., 254 S.W.2d 15. This instruction should be corrected upon a retrial of this case. Since the case must be reversed upon another ground we need not determine whether this error would require a reversal.
Other errors assigned by defendants will not likely occur upon another trial and we need not extend this opinion by a consideration of same.
There is no claim that the verdict was excessive or that the measure of damage instruction was erroneous in any respect. Section 512.160(3) RSMo 1949, V.A. M.S., provides that "no new trial shall be ordered as to issues in which no error appears." It would therefore appear that the new trial should be limited to the issue of liability. Upon such retrial, if the verdict is for the plaintiff, the court shall enter a judgment in the sum of $6,000 against such of the defendants as may have been found by the jury to have been liable for plaintiff's injuries.
The judgment is reversed and the cause remanded for a new trial upon the issue of liability only.
BENNICK, P. J., and ANDERSON, J., concur.