Loy ALBERTY, Appellant,

v.

SUNSHINE BISCUIT COMPANY, Inc.,
and Ralph E. Lindsey, Respondents.

No. 47063.

Supreme Court of Missouri,

Division No. 1.

March 9, 1959.

William H. Burden, Joplin, for appellant,
James E. Brown, Joplin, of counsel.

Bond, Bond & Buchner, L. R. Buehner,
Joplin, for respondents.

HYDE, Presiding Judge.

Action for $50,200 damages for personal injuries and damage to plaintiff's truck. (Truck damage claimed was $200.) Verdict and judgment for defendants and plaintiff has appealed. Plaintiff claims error in giving Instructions 6 and 7; also in excluding certain evidence and in connection with defendants' argument to the jury.

It is not contended that plaintiff failed to make a jury case so a brief statement of facts will be sufficient. Plaintiff was driving his pickup truck west on Highway 166 about one mile west of Sarcoxie when it went off the highway. Plaintiff gave the following account of the occurrence. He said that when he went on the highway, near the eastern limits of Sarcoxie, he saw a car ahead of him (with an Oklahoma license) weaving across the center line of the pavement. Plaintiff decided to pass it as soon as possible. When plaintiff had driven about 9/10 of a mile, he heard brakes squeal behind him and saw, in his rear view mirror, defendants' truck close behind him. (The truck was owned by defendant Sunshine Biscuit Company and was driven by defendant Lindsey.) It did not pass him there because of meeting another car but followed about 30 feet behind him. When plaintiff reached a downgrade, straight part of the highway, he decided to pass the Oklahoma car; going about 45 miles per hour, he speeded up, sounded his horn and attempted to pass. In his rear view mirror, he saw defendants' truck pull out to follow him and also pass the Oklahoma car. When plaintiff was alongside the Oklahoma car, with the front of his truck a little in front of it, it veered across the center line and sideswiped his truck. Plaintiff let up on the accelerator, pulled over to the left, until his left front wheel went off the pavement, and his truck was then struck in the rear by defendants' truck. He said that this caused his head to be thrown back and hit the back of the cab and his truck to go off the highway.

Defendant Lindsey's account was that he had followed the Oklahoma car for about 40 miles and never attempted to pass it, because of its weaving over the pavement and its occupants apparently drunk. He said plaintiff came on the highway behind him at Sarcoxie and soon passed him. He saw the Oklahoma car swerve across the center of the pavement when plaintiff attempted to pass it. He did not see any contact between the Oklahoma car and plaintiff's truck but saw plaintiff swerve off the pavement onto the shoulder, which was wet and muddy. He said plaintiff's truck swerved back on the pavement, then onto the shoulder again, and went into the ditch. Lindsey said he was 100 feet behind plaintiff's truck when plaintiff started around the Oklahoma car. Lindsey said he did not try to pass the Oklahoma car, and when he saw it swerve toward plaintiff he applied his brakes and never got closer than 50 feet to plaintiff's truck. Plaintiff's truck ran along the ditch, over a culvert and stopped when it hit a post. Lindsey said he could see plaintiff moving around in the truck and thought he was not badly hurt, so he followed the Oklahoma car into Joplin, got its license number and contacted a policeman who followed it and arrested its occupants.

Plaintiff was taken to a hospital and was interviewed there by a highway patrolman. Plaintiff had facial and head injuries which made it difficult for him to talk. He said he told the patrolman that he was struck in the rear by defendants' truck, but the patrolman said his first information as to that claim was when plaintiff came to the patrol station upon being released from the hospital about a week later. Two patrolmen then went to Sarcoxie to inspect plaintiff's truck and using a flashlight saw no evidence of rear-end damage. Plaintiff had two witnesses who said his rear bumper was sprung to the right against the fender, one being the man who had made the bumper and put it on (it was an extra heavy bumper with a trailer hitch) and the other, the man who brought plaintiff's truck in from the highway. Thus the principal fact issue in this case was whether or not plaintiff's truck was struck by defendants' truck,

which plaintiff said occurred, and Lindsey emphatically denied. On this issue, there was also a conflict of testimony as to rear-end damage to indicate plaintiff's truck had been struck from the rear and as to whether plaintiff had so stated to the patrolmen on the day of the occurrence. There was also evidence as to the tracks made by plaintiff's truck on the shoulder and lack of skid marks on the highway to indicate application of brakes by Lindsey, which had some bearing on this issue.

In these circumstances, we must hold that the erroneous statements as to plaintiff's burden of proof, made in Instruction 7 offered by defendant and given by the court, were most prejudicial. Instruction 7 was as follows: "The charge laid by plaintiff against the defendant is one of negligence. Negligence is a positive wrong, and therefore, in this case is not presumed. In other words, a recovery may be had on a charge of negligence only when such charge is sustained by the preponderance, that is, the greater weight, of the credible evidence to the reasonable satisfaction of the jury that the charge is true as laid, and it does not devolve upon the defendant to disprove the charge, but rather, the law casts the burden in respect of it upon the plaintiff, and such charge of negligence must be sustained by the preponderance, that is, the greater weight, of the credible evidence to the satisfaction of the jury, as above stated. If, therefore, you find the evidence touching the charge of negligence against the defendant Ralph Lindsey, driver of the defendant Sunshine Biscuit Company truck, to be evenly balanced, or if the truth as to the charge of negligence against the driver of defendant Sunshine Biscuit Company's truck remains in doubt in your minds, after fairly considering the evidence, your verdict must be for the defendant."

In Payne v. Reed, 332 Mo. 343, 59 S.W. 2d 43, 48, we said of the last sentence of such an instruction: "This is telling the jury that if, after fairly considering the evidence, 'the truth as to the charge of negligence remains in doubt in your minds,' your

verdict must be for defendant, and is equivalent to saying that if on the whole evidence there remains a reasonable doubt as to defendant's guilt of negligence, to give him the benefit of the doubt and find for defendant. This is the rule in criminal cases, but not in civil cases. On charges of negligence in a civil case, plaintiff does not have to prove defendant's guilt beyond a reasonable doubt." Thereafter, in Aly v. Terminal R. R. Ass'n of St. Louis, 336 Mo. 340, 78 S.W.2d 851, 855, we said: "Jurors would no doubt understand by the latter part of the instruction that a plaintiff must prove a charge of negligence by such a preponderance of the evidence as to remove any doubt in their minds as to such charge. We are of the opinion that that would be a correct interpretation of the instruction. Such an instruction casts upon a plaintiff a much greater burden than the law requires." See also Grimes v. Red Line Service, Inc., 337 Mo. 743, 85 S.W.2d 767; Bellovich v. Griese, Mo.Sup., 100 S.W.2d 261, 262; Nelson v. Evans, 338 Mo. 991, 93 S.W.2d 691, 694. In the Nelson case (93 S.W.2d loc. cit. 695), we also condemned the second sentence of this instruction, saying: "The instruction is calculated to impress the jury that if they find a verdict for plaintiff they are at the same time convicting the defendant of an offense. Does not the instruction inform the jury that the defendant stands charged with a positive wrong? Would the jury not be likely to believe that this meant an intentional wrongful act? We deem an instruction erroneous which creates such an impression. Generally speaking, ordinary negligence is not a positive wrong as that term is ordinarily understood."

Furthermore, we have often condemned the requirement of proof "to the satisfaction of the jury." In Seago v. New York Central R. Co., 349 Mo. 1249, 164 S.W.2d 336, 341, 147 A.L.R. 372, we pointed out the dictionary definitions of "satisfaction" and "satisfy" and noted that such terms in instructions had been condemned in decisions in many states; and we warned against their use. We have several times

since said that if a trial court should grant a new trial for the use of such terms we would sustain such ruling (Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467; Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767, in which we did sustain the trial court's action on that ground; Machens v. Machens, Mo.Sup., 263 S.W.2d 724, 731; Ilgenfritz v. Quinn, Mo.Sup., 318 S.W.2d 186, 190). We have heretofore hesitated to decide that the use of the term "satisfaction" alone was reversible error, especially when the instruction also used the term "reasonable satisfaction." See Pulse v. Jones, Mo.Sup., 218 S.W.2d 553. As defendants state, we held the use of both terms in an instruction was not reversible error in Rasp v. Baumbach, Mo.Sup., 223 S.W.2d 472, because the court gave an instruction substantially the same as the Instruction 2 herein, given on request of plaintiff herein. Instruction 2 was as follows: "Instruction No. 7 submits to you the issue of what is known as burden of proof and its being upon plaintiff throughout the trial. So in connection with this issue of burden of proof you are instructed that if you believe and find from the greater weight of the credible evidence the propositions and issues to be as submitted to you by instruction No. 1, then it would be your duty to find that the plaintiff had met and carried such burden of proof required by the law and instructions and that defendant was negligent." In the Rasp case (223 S.W.2d loc. cit. 474), because a similar instruction was given, we said: "The trial court, having heard the evidence and seen the witnesses, was in the best position to determine whether or not this one unqualified phrase in Instruction 5 had any prejudicial effect on the determination of this clearly defined issue. All instructions must be construed and considered together, and where one instruction states some matter indefinitely or ambiguously or in language which might be misleading, then an instruction which makes this matter clear and definite may cure such a defect. McDonald v. Kansas City Gas Company, 332 Mo. 356, 59 S.W.2d 37. We think that this would be a reasonable view of the whole submission in this case and that was obviously the view of the trial court." However, in Instruction 7 herein there is much more than this one unqualified phrase involved. The erroneous statement that a defendant's verdict is required if the charge of negligence "remained in doubt," hereinabove discussed and held in our previous decisions to apply the rule in criminal cases, is too serious to justify us in saying that Instruction 2 cures this, when in fact the two instructions in this respect are in conflict on the burden of proof. Schneider v. St. Louis Public Service Co., Mo.Sup., 238 S.W.2d 350, 351; Mansur-Tebbetts Implement Co. v. Ritchie, 143 Mo. 587, 45 S.W. 634. Moreover, Instruction 2 does not in any way purport to correct the erroneous statement that negligence is a "positive wrong," which at least would seem to imply wilful or wanton negligence. (See discussion of definitions of negligence, 38 Am.Jur. 642–644, Secs. 2–3; 65 C.J.S. Negligence § 1, p. 303–324; Webster's New International Dictionary gives "absolute" and "indisputable" as meanings of "positive.") We therefore hold that giving Instruction 7 was reversible error.

 Since this case will probably be retried, we will consider some of the other points raised. Plaintiff claimed error in Instruction 6 which was as follows: "The court instructs the jury that if you find and believe from the evidence that the truck driven by the defendant Ralph Lindsey at the time and place shown by the evidence did not strike, collide or come in contact with the vehicle being driven by the plaintiff Loy Alberty, *and if you further find that the defendant Ralph Lindsey did not cause or contribute to the accident or casualty as described in the evidence,* then you are instructed to return a verdict in favor of the defendants Ralph Lindsey and Sunshine Biscuit Company and against the plaintiff Loy Alberty." Plaintiff says "said instruction failed to hypothesize material facts in controversy leading up to and a part of the accident, ignored and failed to include defendants' own theories of de-

fense developed by it during the course of the trial; that it contained no direction whatever in this regard and permitted the jury to speculate and consider matters of defense not properly before it; that it contained abstract statements of law without requiring the jury to find any facts as a basis therefor and gave it a roving commission to find for the defendants; and that it withdrew all of the controverted issues from the jury except one and improperly limited the jury in its consideration of the evidence and deprived plaintiff of the benefit of reasonable inferences arising from all the evidence tending to show how the accident occurred." These contentions are without merit. Plaintiff had no case against defendants if their truck "did not strike, collide or come in contact with" plaintiff's truck and that was all defendants needed to submit. The part of Instruction 6 we have italicized was unnecessary surplusage since plaintiff did not allege, claim or submit anything Lindsey did, except striking his truck with defendants' truck, as having anything to do with his going off the highway and being injured. Plaintiff cites cases concerning requirements for instructions submitting affirmative defenses, such as contributory negligence, which have no application to this case. Plaintiff also cites Devoto v. St. Louis Public Service Co., Mo.App., 238 S.W.2d 66, in which the defendant's instruction was held erroneous because it improperly authorized a verdict for the defendant if "the front part of the bus" did not come in contact with the plaintiff, when its liability did not depend upon that particular part of the bus striking the plaintiff. An instruction that there was no contact at all would have been a very different matter and that is what we have here. It was an essential element of plaintiff's case to prove that defendants' truck struck his truck; and a defendant is entitled to submit the converse of any essential element of the plaintiff's case. Dell'Aria v. Bonfa, Mo.Sup., 307 S.W.2d 479, 480; Dill v. Dallas County Farmers' Exchange No. 177, Mo.Sup., 267 S.W.2d 677; Conser v. Atchison, T. & S. F. Ry.

Co., Mo.Sup., 266 S.W.2d 587, 593; Mc-Carty v. Milgram Food Stores, Inc., Mo. Sup., 252 S.W.2d 343, 344; Rose v. St. Louis Public Service Co., Mo.Sup., 205 S.W.2d 559, 562. A short, clear converse instruction which makes plain to the jury a single essential fact issue, upon which their verdict must depend, is to be commended.

■ Plaintiff also claims error in refusing to permit his witness Dauray to testify that plaintiff told him at the scene of the accident that his truck had been hit in the rear and knocked off the pavement, which plaintiff claims was admissible as a part of the res gestae. Dauray was driving home from work on the evening of the casualty and saw plaintiff on the highway. He said plaintiff's face "was mangled so bad" that he did not recognize him until he looked at his truck. (Both Dauray and plaintiff lived in Sarcoxie.) Plaintiff had testified: "Well, the way I said, I got up out of the floor board and crawled out wiping blood and spitting out my teeth. My upper dentures were all broken, of course, and the right side of my face was all mashed up. And I really expected to find the truck setting up west there on the highway. That is really what I expected because I didn't think anything but what he was stopped. And I got out on the highway and there was no truck, and I begin to try to flag somebody to get into town, and several cars passed, and finally Mr. Dauray and Mr. Shields came by coming from work, and they picked me up and took me into town." Dauray said plaintiff "was wandering out in the highway," bleeding from his nose and around his face. He also said plaintiff appeared "kind of half way dazed." Plaintiff made no estimate as to how long after his truck went off the pavement Dauray picked him up. Dauray's testimony did not afford a definite basis for this either. Plaintiff said the casualty occurred about 5:15 p. m. Dauray said he got off work at Carthage at 4:00 p. m. but could not "say the accurate hour" he started home and did not attempt to estimate what time it was

when he found plaintiff. He said he passed a Sunshine Biscuit Company truck with another car behind it about a mile and a quarter west of where he found plaintiff. However, defendants' evidence was that within a quarter of a mile of the place of the casualty the Oklahoma car had "slowed down nearly to a complete stop" partly off the pavement and tried to get Lindsey to pass but instead he stayed behind and wrote the license number on his dash. The court's ruling was: "I think the offer will be refused for the reason that it doesn't appear to be within such close length of time as to come within the res gestae."

In Sconce v. Jones, 343 Mo. 362, 121 S.W. 2d 777, 782, we reviewed the authorities on res gestae and said: "The true test is neither the time nor the place of a statement but whether it is a spontaneous statement produced by the event itself." "The lapse of time involved is material mainly as evidence of lack of spontaneity." Cummings v. Illinois Central R. Co., 364 Mo. 868, 269 S.W.2d 111, 118, 47 A.L.R.2d 513. On the showing made, we cannot say the court was wrong in excluding this testimony. Not only is the evidence indefinite as to how long after the occurrence Dauray picked up plaintiff but also plaintiff's own testimony indicates that he was never unconscious but was fully aware of the situation, knew what he was doing, and had time for reflection and deliberation before Dauray appeared. Moreover, plaintiff had reflected about the truck leaving the scene and about trying to flag cars to stop and take him to town. Therefore, on the showing made herein, we think our ruling in Sconce v. Jones, supra (121 S.W.2d loc. cit. 782) is applicable, namely: "We cannot find that plaintiff's evidence shows that he was under such influence of shock or pain as to be unable to reflect or reason after the accident so that these statements would be, when made, spontaneous utterance of thoughts created by or springing out of the event itself, or that they were the event speaking through the person instead of the person speaking about the event." See also Gough

v. General Box Co., Mo.Sup., 302 S.W.2d 884; Roush v. Alkire Truck Lines, Inc., Mo.Sup., 299 S.W.2d 518; Wilson v. Toliver, 365 Mo. 640, 285 S.W.2d 575; Cummings v. Illinois Central R. Co., supra, 269 S.W.2d loc. cit. 118.

Other points raised concern striking, as not responsive, part of an answer made by plaintiff on cross-examination and certain statements made during defendants' argument to the jury, to only one of which was any objection made at the trial. The point concerning cross-examination is not likely to recur on retrial; and defendants may consider the discussion in plaintiff's brief, concerning their argument, in preparing for retrial.

The judgment is reversed and the cause remanded.

All concur.