Frances HOFFMAN (Plaintiff), Respondent,

v.

THE KROGER COMPANY, a Corporation (Defendant), Appellant.

No. 30553.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1960.

Motion for Rehearing or for Transfer to Supreme Court Denied Dec. 13, 1960.

Vernon Riehl, St. Louis, for appellant.

Willson, Cunningham, McClellan & Gunn, J. H. Cunningham, Jr., Richard D. Gunn, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries sustained by the plaintiff when she fell on the parking lot of the Kroger Company store in DeSoto, Missouri. The jury returned a verdict for the plaintiff in the sum of $7,500. In due time after the entry of the judgment upon the verdict, the defendant filed its motion for a new trial and a motion for judgment in accordance with its motion for a directed verdict previously made. Both motions were overruled, and the defendant has appealed from the judgment.

The parking lot where the occurrence took place was a blacktop paved area that rose with a very gradual slope toward a concrete sidewalk. Where it abutted the sidewalk there was a curb about three inches in height. The opposite side of the sidewalk abutted a wall of the store building and paralleled it up to an entrance and exit. The entrance and exit were recessed and the walk widened to continue to the depth of the recess and at the same level to the doors. In front of the exit and entrance the paving of the parking lot rose to a level with the edge of the sidewalk, so that wheeled shopping baskets could be pushed onto the parking lot without going over an abrupt change of level at the edge of the walk. The roof of the building was drained by a pipe that ran down the side of the wall paralleled by the sidewalk and under the sidewalk. This drain came out into the parking area immediately adjoining that portion of the area which was level with the sidewalk.

In order to permit drainage and accommodate the pipe, there was a depression to a depth of six inches in the surface of the parking lot at the sidewalk where the pipe came through. This depression was rounded and was about two and a half feet in width, with its sides curving up to the level of the lot on either side of it. It extended lengthwise for about the length of an automobile, getting more shallow and narrow until it ended level with the surface of the

lot where it drained. The vertical surface of the curb next to the parking area was painted yellow, and this was also true of the curb where the drain came through. Parking spaces were designated by yellow lines painted on the blacktop parking area. There was evidence that there was also a yellow line about two inches wide painted on top of the curb, and there was testimony to the contrary by the plaintiff. The photographs in evidence indicate that the indentation in the lot through which the pipe drains was the same color as the concrete sidewalk.

Mrs. Hoffman, the plaintiff, was a housewife 39 years of age. She lived with her husband and son at Imperial, Missouri. Her mother lived in DeSoto. On September 18, 1958, Mrs. Hoffman took her four-year old son and drove to DeSoto to visit her mother. Her mother's residence was a short distance from the Kroger Store, and the plaintiff desired to help her mother do her shopping. She had never been to the Kroger Store before. She drove there with her son in the rear seat of her car and her mother to her right in the front seat. She drove into the parking lot and up to the edge of the sidewalk leading to the entrance. There she parked, with the right side of her car next to the drain mentioned and the front wheels by the curb of the sidewalk, with the car facing the store wall. She did not see the drain, which was to the right of the car. She got out on the left, or driver's side, and her mother got out on the right side with the plaintiff's son. The plaintiff went to the front of her automobile, stepped up the curb, and walked along the sidewalk to the entrance. She waited in the vestibule for her mother and son, who walked up the parking area directly in front of the area where its surface is flush with that of the sidewalk. The three then entered the store and were in there, according to the plaintiff, for "a long time". At the checkout counter Mrs. Hoffman paid for the groceries and she carried from the store a large paper sack of canned goods, while her

mother carried a small sack of eggs. Mrs. Hoffman was carrying the large sack in front of her, but not in front of her face. Her son was at her side, and he walked down the slope. Mrs. Hoffman did not see the drain immediately adjoining the level area and stepped off of the walk into it, twisting her ankle under her and landing on her right knee. She said that she was looking where she was going, but that the drain was not noticeable until "you were right on top of it".

A woman clerk and the store manager helped her to her car and directed her to a doctor. Mrs. Hoffman stated without objection that sometime later she returned to the store and the manager told her that the drain was "very hazardous and that he had reported it * * *". This was denied by the manager in testifying for the defendant.

The defendant maintains that the plaintiff was guilty of negligence as a matter of law in that she either did not look to see where she was going or, having looked, failed to see an open and obvious condition. It is contended that the court erred in not directing a verdict in favor of the defendant.

■ There is no question about the legal status of the plaintiff, nor is any raised. She was an invitee and she entered upon the premises of the defendant for the purpose of purchasing merchandise there offered for sale. Wilkins v. Allied Stores of Missouri, Mo.Sup., 308 S.W.2d 623.

■ There seems to be no point raised as to the duty owing to the plaintiff by the defendant. The basis of liability of the defendant in such cases is stated in Vogt v. Wurmb, 318 Mo. 471, 300 S.W. 278, and cited with approval in Stoll v. First Nat. Bank of Independence, 345 Mo. 582, 134 S.W.2d 97, and Wilkins v. Allied Stores of Missouri, supra. It is as follows (300 S.W. loc. cit. 279):

"The owner of lands is liable in damages to those coming thereon, using due care, at his invitation or induce-ment, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the premises, which is known to him and not to them, and which he has suffered negligently to exist, and of which they have received no notice."

■ As stated, the defendant asserts that it is not liable because the condition was obvious, and that the plaintiff should have seen it had she been exercising due care for her own safety. In support of this contention the defendant relies almost exclusively upon the defendant's evidence that there was a 2-inch yellow line painted upon the top of the curb and also upon the vertical part of it. A colored picture offered in evidence plainly shows the drain and the vertical surface of the curb, and this surface is yellow. But the picture is taken from the parking lot and not from the store entrance from which the plaintiff came. The vertical side of the curb was not visible from the entrance. It cannot be said that any pictures clearly show any paint on the top of the curb. Mrs. Hoffman did not see the drain as she came to the store, as it was to her right as she walked along the walk toward the entrance. She testified that she had been back to the store several times since the accident, and that the drain is difficult to see until you are right upon it. The photographs clearly show the depression so close to the entrance that one carrying a large bag of groceries might not see the step-off in time to avoid it.

■ In considering the question of contributory negligence as a matter of law, we must view the evidence in the light most favorable to the plaintiff, and if such evidence or the inferences to be drawn from it would support a finding that the plaintiff was not negligent, then the contributory negligence is to be determined by the jury. Contributory negligence as a matter of law must appear in the plaintiff's case or be established by evidence on behalf of the defendant which is binding upon the plaintiff

or which the plaintiff concedes to be true. Beaver v. Wilhelm, Mo.App., 321 S.W.2d 1.

Appraising the evidence with the foregoing rules in mind, we hold that the court did not err in refusing to sustain defendant's contention that the plaintiff was negligent as a matter of law.

■■ It is also contended that the verdict-directing instruction is erroneous in several respects. One of these is that it fails to require the jury to find that the plaintiff had no knowledge of the drainage depression on the parking lot. The theory of liability in cases such as these requires that the dangerous condition must be known to the defendant and unknown to the invitee. There is no liability where the danger is obvious or is as well known to the plaintiff as to the defendant. Absence of knowledge of the condition is an essential part of plaintiff's case. Daggs v. Patsos, Mo.App., 260 S.W.2d 794; Vogt v. Wurmb, 318 Mo. 471, 300 S.W. 278, 279; Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369; Fager v. Pevely Dairy Co., 235 Mo.App. 1036, 148 S.W.2d 61; Stocker v. J. C. Penney Co. et al., Mo.App., 338 S.W.2d 339.

A verdict-directing instruction must include all essential elements of the plaintiff's case, and because of the noted omission the instruction is erroneous, and the case must be remanded. It is also asserted that the instruction is erroneous in that it failed to negative contributory negligence on the part of the plaintiff. This should be done upon redrafting the instruction. Moore v. Ready Mixed Concrete Company, Mo.Sup., 329 S.W.2d 14. Also the required finding in relation to the unsafe condition of the premises should be more clearly stated.

■ There is no contention that the verdict is excessive, or that the measure of damage instruction was erroneous. Section 512.160, subd. 3 RSMo 1949, V.A.M.S., provides: " * * * no new trial shall be ordered as to issues in which no error appears." For this reason the new trial which must be ordered should be limited to the issue of liability. Upon such retrial if the verdict is for the plaintiff, the court shall enter judgment in the sum of $7,500 against the defendant.

The judgment is reversed and the cause remanded for a new trial on the issue of liability only.

ANDERSON and RUDDY, JJ., concur.