Otis EDWARDS, Plaintiff-Appellant,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, and Robert P. Adams, Defendants-Respondents.

No. 49275.

Supreme Court of Missouri,

Division No. 1.

March 11, 1963.

Melvin L. Hertzman, Ginsberg & Wool, St. Louis, for appellant.

William M. Corrigan, St. Louis, for respondents.

HYDE, Judge.

Action for $21,500.00 damages for personal injuries sustained in a collision between the automobile plaintiff was driving and defendants' bus. Verdict and judgment were for defendants and plaintiff has appealed.

Plaintiff claims error in giving instructions 6 and 7 at request of defendants. Defendants have filed a motion to dismiss appeal and while plaintiff's brief does not fully comply with the rules it is sufficient for the points presented and the motion to dismiss is overruled.

Plaintiff submitted solely on humanitarian negligence. He said he drove west to about the middle of the 4100 block of St. Louis Avenue (50 feet wide) stopping near the north curb; then desiring to go to his house on the south side of the street he made a U-turn and his car was struck by defendants' bus after he had crossed the center line of the street and reached a point seven or eight feet south of it. Plaintiff said when he stopped on the north side of the street he saw an eastbound bus discharging passengers about 250 feet west (at the Whittier Street intersection) and that the bus and his car started in motion about the same time. Plaintiff's speed in making the turn was estimated at between five and ten miles per hour. The speed of the bus prior to the collision was twenty miles per hour. The driver estimated it had been reduced to 15 miles per hour at the point of impact. The bus driver said he first saw plaintiff's car when it was 10 or 12 feet north of the center line of the street when the bus was 40 to 50 feet west of the point of impact, and that he then "started to apply the brakes and swerve to the right and blew the horn." Plaintiff had evidence that the bus could be stopped in 44 feet at a speed of 20 miles per hour, and that his own car could be stopped in 16½ feet at 10 miles per hour. (Reaction times included.) As the bus traveled eastwardly on St. Louis Avenue its left side was from one to four feet south of the center line. The collision

occurred just before noon of a clear day on dry pavement.

Instructions 6 and 7 were as follows:

No. 6. "The Court instructs the jury that if you find and believe from the credible evidence that on the occasion mentioned in the evidence the eastbound motor bus mentioned in the evidence was traveling at a speed of approximately 20 miles an hour in the eastbound traffic lane *(with the right end of said motor bus 3 to 4 feet south of the center line of St. Louis Avenue,)* and if you find that *(when said motor bus was approaching the middle of the block east of Whittier Street the automobile driven by plaintiff started up from the north curb of St. Louis Avenue)* and that when said automobile was approximately 12 feet north of the center line of St. Louis Avenue it was headed in a south, southwest direction *(into a 'U' turn)* and that at that time the motor bus was 40 to 50 feet west of said automobile, and if you find that then Mr. Adams blew the horn on said motor bus, applied the brakes and swerved 3 or 4 feet to the south in an attempt to avoid colliding with plaintiff's automobile, and if you find that plaintiff *(continued to drive toward the south into a 'U' turn)* and crossed the center line of St. Louis Avenue and drove directly into the path of and in close and dangerous proximity to said motor bus, and if you find that Mr. Adams, in the exercise of the highest degree of care, *(could not avoid colliding with said automobile,)* and if you find that Mr. Adams was at all times exercising the highest degree of care in the operation of said motor bus and was not negligent in any manner submitted to you in Instruction No. 1, then, in that event, the plaintiff, Otis Edwards, is not entitled to recover herein, and your verdict must be for the defendants." (Parts of instruction criticised by plaintiff emphasized.)

No. 7. "The Court instructs the jury that if you find and believe from the evidence that at the time plaintiff entered a position of imminent peril, if you so find, it was then too late for the operator of the motorbus mentioned in the evidence in the exercise of the highest degree of care and with the means and appliances at hand, consistent with his own safety and the safety of the passengers in said motorbus and the equipment which he was operating to have stopped said motorbus before striking the plaintiff and thus and thereby to have avoided the collision mentioned in the evidence, then, in such event, plaintiff is not entitled to recover from the defendants, and you will find your verdict in favor of the defendants."

Plaintiff's objections to Instruction 6 are: (A) that it was misleading and confusing because it hypothesized the bus was "in the eastbound traffic lane with the right end of said bus 3 to 4 feet south of the center line of St. Louis Avenue," when all the evidence showed the left end of the bus was nearest to the center line; (B) that there was no evidence to support the hypothesized finding "that when said motor bus was approaching the middle of the block east of Whittier Street the automobile driven by the plaintiff started up from the north curb"; (C) it was confusing and misleading since there was no evidence in the case that the motor bus could not be stopped after the time when plaintiff was in a position of imminent peril and especially after the time when the bus driver should have seen plaintiff in a position of imminent peril; (D) it injected contributory negligence of plaintiff by the hypothesized findings about plaintiff making a "U turn".

█ As to (A) this was a clerical or typographical error inadvertently using "right" for "left". It could not have been misleading or prejudicial because as plaintiff says the evidence was uncontroverted as to the true fact, both parties' evidence showing the entire bus was south of the center line of the street. This is within our ruling in Wegener v. St. Louis County Transit Co., Mo.Sup., 357 S.W.2d 943, 949, as to insubstantial errors, and is of even less importance than the errors in the in-

struction in that case which we held not prejudicial.

As to (B) plaintiff relies on the evidence favorable to him, when in deciding whether or not this criticised finding was supported by evidence we must consider the evidence most favorable to defendants. In the first place, if the bus had been as far away when plaintiff started to cross the street, as plaintiff and his witness, who followed it, testified (250 feet or more), there could not have been a collision at all. All the evidence showed the maximum speed of the bus as 20 miles per hour and of plaintiff's car as 10 miles per hour. Therefore, if plaintiff's car traveled about 32 feet from the north curb (how close it got to the curb was not shown) to the point of impact at ten miles per hour, this would take little more than two seconds; and traveling 20 miles per hour the bus could not have been much more than 60 feet away when the car started across the street. Furthermore, if plaintiff's car was going only five miles per hour, it would have required little more than four seconds to have reached the point of impact, while for the bus to have traveled 250 feet at 20 miles per hour would have required more than eight seconds. Therefore, our conclusion is that the evidence most favorable to defendants does support a finding that plaintiff started his car from the north curb when the bus was approaching the middle of the block. Of course, all these fact issues of speeds and distances were for the jury to determine and the language of the instruction "approaching the middle of the block" did not restrict them to any definite estimates of either party. (The length of the block was not shown.) Moreover, the instruction authorized a verdict for defendants only if the jury also made the other subsequently required findings preventing the bus driver from avoiding colliding with plaintiff's car, in the exercise of the highest degree of care. We therefore hold that this finding of "approaching the middle of the block" did not make Instruction 6 prejudicially erroneous.

As to (C) the burden of proof was on plaintiff to show that defendants' bus could have been stopped after the time when plaintiff was in and should have been seen in a position of imminent peril. That was an essential element of plaintiff's humanitarian negligence case and was submitted in Instruction 1 given at plaintiff's request. This claimed unsupported finding in defendants' instruction is only a converse of a finding which plaintiff had to prove to make a case. "[A] defendant is entitled to submit the converse of any essential element of the plaintiff's case." Alberty v. Sunshine Biscuit Co., Mo.Sup., 321 S.W.2d 418, 422, and cases cited. Of course, a defendant must have evidence to support facts hypothesized in his instruction which are not shown by the plaintiff's evidence; but this does not change the burden of proof as to the essential elements of the plaintiff's case.

As to (D) the references to plaintiff making a "U turn" only submit findings of facts. Instruction No. 1, given at plaintiff's request, submitted that plaintiff "was operating his Pontiac motor vehicle westwardly on St. Louis Avenue and came to a stop at the north curb and then turned on St. Louis Avenue in order to proceed eastwardly or to the south curb of said street." This certainly describes a "U turn" and plaintiff in his testimony said he made a "U turn". As we said of a similar contention in Montgomery v. Sobel, Mo.Sup., 334 S.W.2d 112, 116: "It is surmised that these preliminary hypotheses of facts in the instructions of both of the parties were but submissions of the approach of the vehicles of the respective parties to the scene of the casualty. They were not designed and intended to submit negligence in the antecedent conduct of either party, and we doubt that any ordinarily intelligent juror would consider these facts so hypothesized as submitting factual bases for negligence." The cases cited by plaintiff such as Catanzaro v. McKay, Mo.Sup., 277 S.W. 2d 566, 570, and Sheerin v. St. Louis Public Service Co., Mo.Sup., 300 S.W.2d 483, 487, ruled on instructions which commenced by

stating the duty of a plaintiff to use care, not properly for consideration in a humanitarian negligence case, and had other defects not present in Instruction 6. We hold that none of plaintiff's criticisms show that Instruction 6 was prejudicially erroneous.

■■■■ As to Instruction 7 plaintiff repeats the contention made as to Instruction 6 that there was no evidence to show that defendants could not have stopped the bus at the time he entered a position of imminent peril. As we pointed out, plaintiff fails to recognize where the burden of proof is on this issue. Plaintiff also, citing Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767, 770, says Instructions 6 and 7 submitted the same theory and unduly emphasized this defense. In the Pulley case, the trial court granted a new trial because of three instructions, and although we commented that two of these instructions submitted the same theory, we affirmed the trial court's order mainly because of an improper burden of proof instruction. Instruction 6 submits a factual situation under which there could have been no humanitarian negligence; that is a converse situation from plaintiff's humanitarian submission so that it was essentially a sole cause instruction without using that term. See Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264, 267, and cases cited. Instruction 7 is a true converse instruction to the essential elements of plaintiff's humanitarian submission which did not require hypothesization of facts. For a discussion of converse instructions see Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743, 749, 750; Happy v. Blanton, Mo.Sup., 303 S.W.2d 633, 637; Liebow v. Jones Store Co., Mo.Sup., 303 S.W.2d 660, 663; Schaefer v. Accardi, Mo.Sup., 315 S.W.2d 230, 234. While both instructions may not have been necessary, we do not find prejudicial error in giving both. Plaintiff also argues the evidence from the viewpoint most favorable to him, citing Frandeka v. St. Louis Public Service Co., Mo.Sup., 234 S.W.2d 540, 548, as an argument against giving Instruction 7, saying it is not reasonable to believe that the bus driver, if he had kept a lookout, should not have discovered plaintiff in a position of imminent peril prior to the time he did. That was an issue to be determined by the jury and has no bearing on the right of defendants to have such a converse instruction.

The judgment is affirmed.

All concur.