HARRY CRAWFORD AND MARY CRAWFORD, PLAINTIFFS, v. AMERICAN STORES COMPANY, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT.

Submitted October 15, 1926—Decided March 23, 1927.

**Negligence—Injury to Eye of a Customer While Making Purchases at a Grocery Store—Cans Which Had Been Piled One Upon Another Fell, Causing Injury—Responsibility of Defendant Clear—Award Held Too High—Verdict of $10,000 Reduced to $5,000.**

On rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Bleakly, Stockwell & Burling.*

*Contra, Carlton Godfrey* and *William I. Garrison.*

PER CURIAM.

This is the defendant's rule for a new trial. The reasons urged for making the rule absolute are refusal of a nonsuit, alleged improper instructions to the jury, weight of the evi-

dence preponderating in favor of the defendant, permitting a medical man to testify as an eye expert, in view of his own statement that he was not an eye specialist, and excessive damages. None of these reasons appeal to us as meritorious except the last.

The facts were that the plaintiff entered the grocery store of the defendant at Pleasantville, and while standing in front of the counter was injured by some falling cans of pickles which had been piled on the counter to a height of nearly three feet. According to the plaintiff's testimony the cans, which were piled in pyramid fashion, tumbled over on her, one or more of them striking her on the head and severely injuring her.

The motion for a nonsuit was based on the contention that there was no evidence to establish the defendant's negligence. Against this it is contended that the rule of res ipsa loquitur applies, and we incline to think that it does. It is difficult to see a distinction in principle between a pile of cans falling over from a counter and a brick falling from the scaffold of a building. Sheridan v. Foley, 58 N. J. L. 230. Both being under the control of the defendant, placed there by it, the fact of a fall might justify a finding of neglect in properly securing it. In the instant case it appeared in addition from the defendant's proofs that the other side of the pile of cans was buttressed by a wooden cake box extending half way to the total height of the pyramid. The fact that such support was placed upon one side suggests that the same precaution should have been taken on the other. There was evidence on behalf of the defendant tending to show that Mrs. Crawford herself had struck her elbow against the pile knocking it down. This was the testimony, however, of a single witness, and that of the plaintiff was to the contrary. The defendant's brief inaccurately asserts this as an uncontradicted fact. Such misstatement is misleading and throws upon the court an extra burden of detailed examination of the evidence which should not be required.

As the whole question of negligence turned upon the propriety of thus placing the cans, we think that their fall,

assuming them to have been untouched by the plaintiff, was some evidence of negligence which the defendant's proofs did not successfully rebut, and that even on the weight of evidence the verdict should not be disturbed.

The testimony objected to in the third point argued was competent. While Dr. Garfield was not an eye specialist he was duly licensed to practice medicine and presumably qualified to speak with respect to the entire anatomy of the body. *Caster* v. *Sliker*, 33 *N. J. L.* 95; *affirmed, Id.* 507.

As respects the damages, the principal complaint of Mrs. Crawford was of indirect injury to the eye. She was confined to her bed for four weeks, lost fifteen pounds, suffered pain and was unable to do her housework as theretofore; suffered from sleeplessness and a nervous condition. There was expert testimony as to her nervous state. Her principal injury was to the eyes. The left eye practically closed, with drooping of the lid. Both eyes were bloodshot and pus ran continually from one eye. While her condition had improved the eyelid was still drooping and the pain continuing at the time of trial. The accident happened on the 13th of June, 1925, and the case was tried on May 26th, 1926, slightly less than a year from the date of the injury. There is no evidence that the injurious results are permanent. We think the verdict of $10,000 in favor of Mrs. Crawford is consequently much too large.

The award to the husband is not excessive. He lost his wife's services, employed a nurse, had doctors' bills and other expenses. The verdict of $1,000 in his favor will therefore not be disturbed.

If the plaintiff Mary Crawford will accept a reduction of the verdict in her favor to $5,000, the rule in her case will be discharged, otherwise it will be made absolute.