CATHERINE NIKLAS, Appellant, v. CARL METZ, FRANK P. WHITE and J. WESLEY MCAFEE, Respondents, No. 41033—222 S. W. (2d) 795.

Division Two, July 11, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, September 12, 1949.

*Harry C. Avery* for appellant.

*Igoe, Carroll, Keefe & Coburn* and *Richmond C. Coburn* for respondent J. Wesley McAfee.

BARRETT, C.—The appellant's husband, Martin Niklas, was killed when a truck struck the left rear end of a bus. Because of his wrongful death she instituted this action against the driver of the truck, the title owner of the bus and the bus operator. The liability insurer of the truck paid the appellant $4,500.00 for a covenant not to sue and she now prosecutes the action against the title owner and the bus operator for the balance of $10,500.00 under the wrongful death statute. We assume, solely for the purposes of this opinion, that both respondents were operating the bus as public carriers. The appellant's husband was a fare paying passenger upon the bus and we also assume that the appellant *initially* established, in the presentation of her case, and demonstrated, prima facie, because of the relationship and the occurrence, the right to have the respondents' negligence and consequent liability for her husband's

death submitted to the jury. Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S. W. (2) 654. After making the assumptions the meritorious question upon this appeal, the trial court having directed a verdict for the respondents at the close of the plaintiff's evidence, is whether the plaintiff's evidence, nevertheless, so destroyed ▮▮▮ her prima facie case that she is not entitled to a res ipsa loquitur submission of her cause of action and the respondents' liability. 38 Am. Jur., Secs. 303-304, 308, pp. 999-1001, 1005; 45 C. J., Secs. 779-780, pp. 1212-1214.

The collision occurred just south of the Y formed by the junction of Highways 40 and 61 on the outskirts of Wentzville. After the collision the bus was stopped about sixty feet north of the Wabash Railroad viaduct. The truck and the bus had collided about seventy-five feet north of the viaduct and the truck had stopped about 350 feet beyond that point. The bus was proceeding south towards St. Louis and the truck was traveling towards the Y. As the bus approached the Wabash viaduct at a speed of approximately thirty-five miles an hour the bus driver saw the truck traveling around the long, sweeping curve, 300 to 350 feet away, down the middle of the highway, the truck wheels astride the center line of the pavement. The truck driver told a highway patrolman that he was traveling at a speed of twenty-five to thirty miles an hour and that the front wheels of the truck had "locked." As soon as the bus driver saw the truck he began to turn the bus to the right off the pavement and after the bus was off the pavement, except the left rear wheel, the truck struck the rear one-third of the bus, tearing out the rear end and side. Tracks on the pavement, made by the truck, began at the center line of the pavement and extended diagonally across the west side of the pavement, a distance of forty-five feet to the bus as it was almost stopped and almost entirely off the pavement on its right side of the highway.

The appellant contends, in proving these facts, that she did not go beyond her prima facie case and prove such acts of specific negligence upon the part of the bus driver as to remove her cause from the application of the doctrine of res ipsa loquitur. She contends that she was entitled to and did prove acts of negligence on the part of the truck driver but that, of course, did not destroy her prima facie case against the carrier. It is argued, against the carrier, since the bus driver saw the truck approaching 350 to 400 feet away in the center of the highway, that the bus must have traveled 250 to 300 feet while the truck traveled 100 feet and, therefore, the inference and imputation of negligence could reasonably be drawn against the bus driver. Unquestionably, the plaintiff may adduce some evidence tending to show the particular and precise negligence of the defendants as the specific cause of the collision and yet not be deprived of the right to a res ipsa loquitur submission of her cause. Belding

v. St. Louis Public Ser. Co., 358 Mo. 491, 215 S. W. (2) 506; Semler v. Kansas City Public Ser. Co., 355 Mo. 388, 196 S. W. (2) 197. Also, under ordinary circumstances, when a public carrier vehicle and a truck traveling in opposite directions on a highway wide enough for both and each sees the other and yet they collide, there is some reason to suppose that something most extraordinary has happened or the operator of one or both of the vehicles has been guilty of negligence, at least from the viewpoint of an innocent passenger. Zichler v. St. Louis Public Ser. Co., supra. But the facts in the Zichler case are not comparable to the facts of this case. It is true in that case that the truck driver and the operator of the streetcar were aware of each other's approach for a distance of 250 feet but there was a sharp conflict in their evidence as to whether the truck driver turned to the right as far as possible or whether he turned left into the streetcar. In that case the plaintiff's evidence did not so specifically show the cause of the collision as to deprive the passenger of his right to a res ipsa loquitur submission against the streetcar. See also Story v. People's Motorbus Co., 327 Mo. 719, 37 S. W. (2) 898. Here, contrasting the cases as to these facts only, the bus was almost off the pavement and almost stopped when the vehicles collided.

As we view it this is not precisely an instance of a plaintiff's so proving specifically the negligent acts of the carrier causing the collision and injury complained of that she is thereby deprived of the right to rely upon res ipsa loquitur (Price v. Metropolitan Street Ry. Co., 220 Mo. 435, 119 S. W. 932; Heidt v. People's Motorbus Co., 219 Mo. App. 683, 284 S. W. 840) although there is some analogy in the cases. The doctrine does not apply in those circumstances but, in addition, it is essential to the application of the doctrine "that proof of the occurrence and attendant circumstances shall point, prima facie, to negligence on the part of the defendant." Maybach v. Falstaff Brewing Corp., No. 41169, 359 Mo. 446, 222 S. W. (2) 87. "Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the accident, but show a state of affairs where an inference could be as reasonably drawn that the accident was due to a cause or causes other than the negligent act of the defendant, then the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances of the accident, and the defendant is not called upon to explain the cause of the accident, and to purge himself of the imputed or inferential negligence." McGrath v. St. Louis Transit Co., 197 Mo. 97, 104, 94 S. W. 872, 874. "Before the rule res ipsa loquitur can be invoked there must be shown facts, other than the mere fact of injury to the plaintiff, from which the negligence of defendant can be reasonably inferred." Pointer v. Mountain Railway Const. Co., 269 Mo. 104, 120, 189 S. W. 805, 809. And that precisely is the

difficulty with this plaintiff's case against the respondents. However her evidence is viewed it conclusively repels any inference of negligence on the part of the operator of the bus and there is no conflicting evidence, fact or circumstance, from which a contrary inference can be drawn. Annotation 22 A. L. R. 1471; 45 C. J., Sec. 780, p. 1212. The physical facts, established by the plaintiff, show exactly where the collision occurred, seventy-five feet north of the viaduct and on the west side of the pavement. The tracks on the pavement indisputably show the course of the truck and admittedly the bus was almost stopped and almost completely off the highway when it was struck. Because the bus was traveling at a speed of thirty-five miles an hour when the bus operator saw the truck 350 to 400 feet away it is argued that the bus must have traveled 250 to 300 feet while the truck traveled 100 feet. Since the bus operator saw the truck so far away it is argued that he was negligent in not apprehending that something was wrong. But, as we have said, the collision occurred seventy-five feet north of the viaduct. The bus was stopped about sixty feet north of the viaduct while the truck proceeded on over 350 feet beyond the viaduct although the truck driver said his speed was twenty-five or thirty miles an hour. The truck was south of the viaduct when the bus operator first saw it. In the face of these indisputable circumstances what possible inference of negligence could be drawn from the fact that the bus operator saw the truck when it was 350 to 400 feet away and traveled, as the plaintiff says he must have, 250 to 300 feet while the truck was traveling 100 feet? The collision, admittedly, was north of the viaduct. All the circumstances considered the plaintiff did not stop with proof of her prima facie case and the attendant circumstances but demonstrated, so as to leave no room for inferences to the contrary, that the bus operator exercised the highest degree of care and was not guilty of any negligence proximately concurring to cause the collision and death. The trial court, therefore, properly directed a verdict for the respondents at the close of the plaintiff's evidence. Sleater v. John R. Thompson Co., (Mo. App.) 173 S. W. (2) 591; Brown v. St. Louis County Gas Co., (Mo. App) 131 S. W. (2) 354, 358; Pointer v. Mountain Railway Const. Co., supra. Accordingly, the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.