Leola BARKER, Appellant,

v.

CROWN DRUG COMPANY, a Corporation, and Donald L. Ninas, Respondents.

No. 44524.

Supreme Court of Missouri.

Division No. 2.

Dec. 12, 1955.

Gresham, Boughan & Whipple, Walter J. Gresham, Kansas City, for appellant.

Howell & Rayburn, Norman S. Howell and John A. Weiss, Kansas City, for respondents.

BARRETT, Commissioner.

Leola Barker instituted this action for $15,000 damages for personal injuries against the Crown Drug Company, Donald L. Ninas and William E. Tipton, a misnomer for Dennis C. Tipton. It was alleged in her petition that Ninas and Tipton "were at all times mentioned its (Crown Drug Company's) employees in charge of the operation of said store." For her cause of action the plaintiff alleged that while she was a customer in the store "walking along the south aisle of said store, a bottle fell from a rack maintained by defendant therein, and struck plaintiff's foot." It was charged "That said bottle and rack were under the exclusive control of the defendants, and said bottle was caused or allowed to fall from said rack and injure plaintiff through the negligence of the defendants; that plaintiff is unable to specify the particulars which constituted such negligence, but that same was unusual and was not such a thing as would happen without operation of negligence on the part of the defendants." The plaintiff dismissed her action as to Tipton, the trial court directed a verdict in favor of Ninas, and a jury returned a verdict in favor of Crown Drug Company.

Upon this appeal by the plaintiff it is urged that the court erred in directing a verdict in favor of Ninas, and as to Crown Drug Company that the court prejudicially erred in instructing the jury. In addition to urging that the instructions were not prejudicially erroneous, the respondents contend that there was no evidence upon which a jury should be permitted to reason and draw the inference of negligence either as to Ninas or the Crown Drug Company. In this connection the plaintiff argues that the defendants' evidence was contradictory, had no probative force, and that the verdict in favor of Crown Drug Company was not founded upon any believable evidence and that this court, to prevent an injustice, should set the verdict aside.

■■ The latter argument urged by the plaintiff is not an open one in this court, it was not necessary that the jury's verdict in favor of the drug company be supported by evidence; the jury may have found the plaintiff's evidence incredible and unbelievable and the trial court having approved that finding by overruling the motion for a new trial the issue has been conclusively resolved as far as an appellate court is concerned. Cluck v. Abe, 328 Mo. 81, 84–86, 40 S.W.2d 558, 559–560. As against the respondents' claim, however, that the plaintiff's cause should not have been submitted to the jury, Leola Barker testified that as she walked down an aisle towards the soda fountain counter she heard the crashing of glass and felt pain as glass hit and cut her foot. She did not see an object falling but the broken glass on the floor turned out to be a broken bottle of Canada Dry sparkling water. She looked at a display rack containing bottles of Canada Dry sparkling water and "saw the empty space from which the bottle had fallen." There was no one, either customer or employee, near the rack and she did not know what had caused the bottle to fall. The defendants' evidence tended to establish that there was a stamp machine on a counter near the rack of bottles and that as a customer withdrew her hand from the stamp machine she inadvertently knocked the bottle from the rack. It is urged in these circumstances, such an occurrence not being reasonably foreseeable, that there was no liability on the part of the respondents and, therefore, the trial court should have directed a verdict in their favor. Hart v. Emery, Bird, Thayer Dry Goods Co., 233 Mo.App. 312, 118 S.W.2d 509; annotation 42 A.L.R.2d 1103. While the evidence supported the issue, as the jury may have found, reasonable minds could differ and, all other elements being present, the facts and circumstances permit and support a contrary inference and the plaintiff's res ipsa loquitur hypothesis of Crown Drug Company's liability. Perry v. Stein, Mo.App., 63 S.W.2d 296; Pollard v. J. J.

Newberry Co., Mo.App., 228 S.W.2d 398; Crawford v. American Stores Co., 136 A. 715, 5 N.J.Misc. 413; annotation 20 A.L.R. 2d 95.

■ All of the requisite factors are not present as to the individual defendant Ninas, however. It is claimed, because of his answer "that he was an employee of the Crown Drug Company on July 24, 1952" and his ambiguous denial of "all of the other allegations contained in paragraphs 1, 2, 3 and 4 of plaintiff's petition," that he has tacitly admitted the charges of the petition and, specifically, his relationship to Crown Drug Company. V.A.M.S. §§ 509.-080, 509.090, 509.120. It is not necessary to analyze the argument and consider whether the answer was an admission of greater force than it plainly stated—that he was "an employee" of the Crown Drug Company. It is also assumed, had there been evidence permissive of the inference of negligence on Ninas' part, that he would be liable to the plaintiff for any breach of duty on his part. 2 Restatement, Agency, Secs. 343, 350, 355; 2 Restatement, Torts, Sec. 387; annotations 20 A.L.R. 97; 99 A. L.R. 408; Giles v. Moundridge Milling Co., 351 Mo. 568, 173 S.W.2d 745; 2 Am.Jur., Secs. 324–326, 334. And in this connection, all the requisite factors obtaining, it is assumed that the presence of multiple defendants is no objection to the applicability of the res ipsa loquitur doctrine. Annotation 38 A.L.R.2d 905. But, either through a misconception as to the precise meaning and nature of res ipsa loquitur or by reason of a misunderstanding as to an agent's liability to third persons, the plaintiff appears to contend or assume because Ninas was an "employee," or an "agent," or even a store "manager" that the doctrine of res ipsa loquitur was also applicable to him and, in the circumstances, that his liability was likewise an issue for the jury to resolve. Ninas testified that in July 1952 he was not regularly attached to the Crown Drug Store at 39th and Main Streets, he was "relieving Mr. Smith there as the manager while he was on vacation" and he was not in the store in the afternoon when the bottle fell and the plaintiff was injured. He did not go on duty that day until evening. Dennis Tipton testified that he was "relief manager there" and was on duty as "acting manager" when Leola Barker was injured. As stated, the plaintiff dismissed her action as to Tipton and there is no evidence, upon the entire record, that Ninas was present, had breached any duty to the plaintiff, or that he had such control of the premises as to bring into force as to his liability the res ipsa loquitur doctrine, and the court did not err in directing a verdict in his favor. Niklas v. Metz, 359 Mo. 601, 222 S.W.2d 795; Stubblefield v. Federal Reserve Bank of St. Louis, 356 Mo. 1018, 204 S.W.2d 718.

■ At the request of the defendant Crown Drug Company the court gave instruction five and the plaintiff contends that the instruction was so prejudicially erroneous in a matter materially affecting the merits of her cause, V.A.M.S. § 512.160(2), that she is entitled to a new trial. The instruction admonished the jury against passion and prejudice and against considering the extent of the plaintiff's injuries until they had resolved the basic issue of liability. Except for the last sentence concerning passion and prejudice, the instruction is as follows:

"The Court instructs the jury, that in deliberating upon this case, it is your duty to decide fully whether under all the facts and circumstances in the evidence there is or is not any negligence on the part of the defendant Crown Drug Company, submitted and defined by the instructions. Until this question of negligence has been determined by you, you have no right to consider to what extent that plaintiff is entitled to recover.

"If the plaintiff is not entitled to recover, that is, *if plaintiff has not shown to your complete satisfaction by a preponderance or greater weight of the credible evidence,* that she should recover at your hands, then in your deliberations, you should not and you

must not consider to what extent the plaintiff has been damaged by reason of any injury you believe she might have sustained."

The plaintiff's objection, as of course, is to the phrase "complete satisfaction" which it is insisted placed upon her a greater burden or required a greater degree of proof and persuasion than she was required to sustain. Annotation 147 A.L.R. 380. Over the years the court has considered and criticized the use of the word "satisfaction" in burden of proof instructions. It is not necessary to attempt a collection and analysis of all the cases and note the distinctions and discriminations, in some of the cases it has been pointed out that the word "satisfaction" in the context of a burden of proof instruction is subject to the construction, meaning, and requirement of proof "beyond a reasonable doubt." Nelson v. Evans, 338 Mo. 991, 997–998, 93 S.W.2d 691, 695. In other cases it has been said that in the phrase "reasonable satisfaction," the word "reasonable" qualified the meaning of "satisfaction" and that an instruction containing the phrase was not prejudicially erroneous. Pulse v. Jones, Mo., 218 S.W.2d 553. In addition to the Nelson and Pulse cases, other cases considering the subject are collected, reviewed and distinguished in Seago v. New York Central R. Co., 349 Mo. 1249, 164 S.W.2d 336, 147 A.L.R. 372; Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767 and Machens v. Machens, Mo., 263 S.W.2d 724. In the latter case the subject was fully discussed but because the instruction, containing the clause "the burden is upon the defendants to show to the jury by a preponderance of the evidence and to your satisfaction," could be read with other instructions it was reluctantly concluded that the burden of proof instruction was not so prejudicially erroneous as to demand the granting of a new trial. And up to the present the court has not seen fit or has not been impelled by the circumstances of the particular case to reverse a judgment, in favor of either a plaintiff or a defendant, solely because of the use of the word "satisfaction" or some equivalent of the word

in a burden of proof instruction. It was repeatedly said that if a trial court considered an instruction employing the word prejudicially erroneous and granted a new trial for that reason that the trial court's action would be sustained, and when the event came to pass the trial court's action was approved. Hogan v. American Transport, Mo., 277 S.W.2d 495.

And now the court is confronted with the unique and novel phrase "to your complete satisfaction." The word "complete" is not employed here in its precisely correct meaning perhaps (see Webster's New International Dictionary), but colloquially it has the meaning and is certainly subject to the construction of "entire," or of compelling proof and belief even "beyond a reasonable doubt," a burden which neither a plaintiff nor a defendant need sustain in an ordinary civil action for damages. Other instructions, one given at the request of the plaintiff and another given upon the request of the defendant, correctly placed and defined the burden of proof; and, except for a factor to be noted, it may be possible to so read and construe all the instructions as to find that the particular instruction is not misleading or in irreconcilable conflict.

But an additional factor of compelling force against the instruction, present in this case and not present in any of those noted, is the essence of the theory of the action and the technical hypothesis of res ipsa loquitur upon which the case was submitted to the jury. Juries, of course, often deal with inferences and reason upon the evidence (Thayer, Preliminary Treatise On Evidence, pp. 193–194), but their resolution of this case was peculiarly dependent upon their understanding of the burden of proof and the precise drawing of inferences from the circumstances. Specifically, according to a plaintiff's instruction, if they found the defendant in sole control and that "the falling and breaking of such bottle is not an event that usually happens without carelessness on the part of those in custody of such premises, then you would be

authorized to find and believe from the evidence that said bottle was caused to fall and break by reason of negligence of the defendant and its employees; * * *." In one instruction the plaintiff was required to sustain these essential issues "by the preponderance, that is, the greater weight of the credible evidence" and in another she was required "to show" them to the jury's "complete satisfaction." So, in addition to the more or less technical objections and criticisms of instructions employing such words or phrases in defining the burden of proof, we now have, in the particular circumstances of this, a res ipsa loquitur case, an objection of substance materially affecting the merits of the case and the right to a fair trial and a further, more compelling reason demanding the granting of a new trial. Lebow v. Missouri Public Service Company, Mo., 270 S.W.2d 713, 718. By reason of the probable prejudicial effect of the instruction, from which it could be factitiously argued that the plaintiff need prove her case and convince the jury, not by the preponderance or greater weight of the credible evidence but to the jury's "complete satisfaction," the plaintiff is entitled to a new trial.

It should be noted in passing that the first paragraph of this instruction is not a precisely accurate statement of the law and neither is instruction seven, defining "negligence" but it is not necessary to say whether these matters were so prejudicially erroneous as to constitute additional reasons for granting a new trial. As indicated, the judgment as to Donald L. Ninas is affirmed and the judgment as to Crown Drug Company is reversed and the cause remanded for a new trial.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.