Bernice E. NEIS and Edward J. Neis, Plaintiffs-Respondents,

v.

NATIONAL SUPER MARKETS, INC., Defendant-Appellant.

No. 42256.

Missouri Court of Appeals, Eastern District, Division Four.

March 23, 1982.

Kim Roger Luther, Neil F. Flynn, St. Louis, for defendant-appellant.

James F. Koester, Inc. by Allan R. Belliveau, St. Louis, for plaintiffs-respondents.

SATZ, Presiding Judge.

This is a personal injury action. A jury awarded plaintiff $500 on her claim for personal injury and awarded her husband $280 on his claim for medical expenses and loss of consortium. Defendant appeals. We reverse.

We review the evidence in the light most favorable to plaintiffs. Plaintiff, Bernice Neis, was shopping in a self-service supermarket operated by defendant, National

Super Markets, Inc. She stopped in an aisle of canned goods, which were stacked five shelves high. The fifth shelf was about five feet from the floor. The cans were stacked three high on this shelf, and each can was four inches high. Plaintiff bent over to pick up a can from the bottom shelf and, as she did so, a can, apparently from the top shelf, fell, hit her on the head and injured her. No one was in the aisle when plaintiff entered it, and, as far as she knew, no one was behind her in the aisle when the can fell. There was no evidence of the number of other customers in the store at that time. There was no evidence showing when the cans in question were stacked nor when they were last inspected. Plaintiffs' case was submitted to the jury on the theory of res ipsa loquitur and, as noted, she and her husband received verdicts in their favor.

Defendant raises four points on appeal. In each point, defendant argues that plaintiff failed to make a submissible case under the res ipsa loquitur doctrine. Although phrased differently, defendant's four arguments can be distilled into one basic argument. Defendant argues that the probability of a third person causing plaintiff's injury is at least as great as the probability that defendant's negligence caused the injury. Since these probabilities are at least equal, defendant argues, plaintiffs failed to make a submissible case. We agree.

█ Res ipsa loquitur is a doctrine based upon circumstantial evidence. The doctrine permits a jury to infer negligence without proof of specific negligent conduct on the part of the defendant. In Missouri, we apply the doctrine and, thus, permit the inference when (1) the incident resulting in injury is of the kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the incident. *E.g. McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557, 559 (Mo.banc 1932). The second element—control—focuses on the defendant as the possible negligent actor. As in any case of negligence, in order to make a submissible case, plaintiff must show that it was more probable than not that defendant was the cause of the negligence. *See McCloskey v. Koplar, supra* at 563. If plaintiff shows defendant was in exclusive control of the instrumentality which caused the accident, he has inferentially focused any negligence upon defendant. If plaintiff does not show defendant's exclusive control of the instrumentality, he still may fix defendant with responsibility for the negligence by showing defendant had the right or power to control the instrumentality and the opportunity to exercise it. *See, e.g., McCloskey v. Koplar, supra* at 560. However, if plaintiff merely shows this constructive control by defendant, the inference that defendant's negligence caused the accident does not necessarily follow. Plaintiff must, therefore, adduce additional evidence to show defendant's responsibility. *See Hart v. Emery, Bird, Thayer Dry Goods Co.*, 233 Mo.App. 312, 118 S.W.2d 509, 511 (1938). Plaintiff need not exclude every possible source of the negligence except defendant, but he must show it was more probable than not that defendant was the source of the negligence. *Id.* at 511. When plaintiff simply shows it was at least equally probable that the negligence was due to another, plaintiff has not made a submissible case. *Id.* at 511–512.

█ Defendant argues that, on the present record, the probability of defendant's negligence being the cause of the injury was no greater than the probability of a third person's negligence being the cause of the injury. Plaintiff's evidence showed defendant's store was a self-service supermarket, with open shelves stacked with canned goods. The canned goods in question were stacked three high. The condition of the display at the time of the accident was not shown. However, it is common knowledge that self-service stores invite their customers to inspect, remove and replace goods on the shelves. *Copher v. Barbee*, 361 S.W.2d 137, 143 (Mo.App.1962); *Hart v. Emery, Bird, Thayer Dry Goods Co., supra* at 512. This evidence raises the inference that an-

other customer disarranged the canned goods and the disarrangement caused the canned goods to fall. This inference competes with the inference that defendant's negligence caused the accident. Although these two competing inferences cannot be weighed with mathematical exactness, on the present record, it is clear the inference that a customer caused the accident is at least as probable as the inference that defendant's negligence caused the accident. Since the probabilities are at least of equal force, plaintiff failed to make a submissible case. *E.g., Hart v. Emery, Bird, Thayer Dry Goods Co., supra* at 513.

This analysis fits comfortably with the analysis used in analogous cases. Thus, for example, in *Hart v. Emery, Bird, Thayer Dry Goods Co., supra,* the plaintiff was shopping in defendant's department store when awnings piled on a display fell and struck her. Plaintiff's evidence showed it was the custom and practice of customers to handle the merchandise displayed upon the tables, there were many customers who had access to the display and the display was disorderly. Based upon this evidence, the court held that plaintiff failed to make a submissible case and stated:

> "[T]he inference that defendant piled the awnings on the table, or allowed them to remain so piled, in such a manner as to cause them to fall off, is no greater than that some customer had done so without defendant's knowledge. Under such circumstances the matter is left to speculation and plaintiff made no case under [res ipsa loquitur]." *Id.* at 513.

In other cases involving objects falling in retail stores, the same analysis was used to examine the facts but the application of the doctrine of res ipsa loquitur was approved because the facts excluded the probability of interference by a third person. Thus, for example, in *Pollard v. J. J. Newberry Co.,* 228 S.W.2d 398 (Mo.App.1950) the court held plaintiff made a submissible case under the res ipsa loquitur doctrine when her evidence showed that a basket hung for display above a counter fell and struck her. The Court distinguished *Hart* by noting there was no evidence that the basket was subject to handling by store patrons. *Id.* at 400. In *Copher v. Barbee,* 361 S.W.2d 137 (Mo.App.1962), the court held that res ipsa loquitur was applicable where plaintiff was injured when a soda bottle fell from a display, rolled towards her and exploded. There was evidence, however, which showed the store manager had inspected the bottle display approximately 30 minutes before the accident and that no customer had been around the display between his inspection and the accident. Id. at 148. This evidence justified the inference that it was more probable than not that defendant's negligence caused the accident, or, stated otherwise, that the bottle was under defendant's control at the time of the accident.[1]

On its facts, the present case is similar to the representative *Hart* case but it differs from the representative *Pollard* and *Copher* cases. In the present case, plaintiff's evidence merely showed that it was at least equally probable that the negligence was that of a third person. Plaintiff failed to go further and exclude the negligence of a third person as the probable cause of the accident.

■ Plaintiff argues her evidence was sufficient to show it was more probable than not that the negligence which caused her injury was defendant's negligence. Plaintiff relies primarily on *Barker v. Crown Drug Co.,* 284 S.W.2d 559 (Mo.1955) to support her argument. In *Barker,* the plaintiff was injured when a bottle fell from a display rack, broke and cut her foot. She testified there was no one near the rack and she did not know what caused the

1. *But see Garfinkel v. B. Nugent & Bro. Dry Goods Co.,* 25 S.W.2d 122 (Mo.App.1930). Plaintiff was injured when a roll of linoleum, twelve feet high and one foot in diameter, "standing on end", fell and struck plaintiff on the head. In approving the application of the res ipsa loquitur doctrine, the Court appeared to focus its attention narrowly on the precise time the roll of linoleum fell and stated: "plaintiff did not come in contact with the linoleum, and an inference from all of the testimony may well be drawn that no one else came in contact with the roll of linoleum which fell upon plaintiff." *Id.* at 124.

bottle to fall.[2] The jury returned a verdict in favor of defendant. In reversing the verdict on appeal, the court, in dicta, stated without discussion that plaintiff had made a submissible case under the res ipsa loquitur doctrine. The facts of *Barker* are not sensibly distinguishable from the present facts. Thus, if we were bound by the dicta in *Barker*, we would hold here that plaintiff made a submissible case on the issue of control. However, *Barker*, taken at face value, means that, in a res ipsa loquitur case, the plaintiff makes a submissible case on the issue of control simply by showing defendant had the right or power to control the instrumentality in question; i.e., once plaintiff proves constructive control, the burden of going forward shifts to defendant to show his negligence was not the probable cause of the accident. Implicit in *Barker* is the unarticulated premise that a showing of defendant's constructive control necessarily raises the inference that defendant's negligence was probably the cause of the accident. This premise is questionable. It obviously loses its validity when a third person's actual access to the instrumentality is in fact equal to the defendant's actual access. When a third person's and defendant's access to the instrumentality are equal, the inferential probability that the third person caused the accident is at least equal to the inferential probability that defendant caused the accident. *See, e.g., Hart v. Emery, Bird, Thayer Dry Goods Co., supra.* Thus, the unarticulated premise underpinning the dicta in *Barker* does not square with the usual meaning given the element of control in the res ipsa loquitur doctrine.[3] Absent further direction from our Supreme Court, we choose to follow the usual meaning of control in res ipsa loquitur cases and, thus, on the present record, we hold that plaintiff failed to make a submissible case.

Judgment reversed.

SMITH and SIMON, JJ., concur.

2. Defendant's evidence showed a customer had inadvertently knocked the bottle from the rack.

3. The element of control under the res ipsa loquitur doctrine in situations involving fallen objects in retail stores is discussed in detail in the annotation at 38 A.L.R.3d 363 (1971).