663 P.2d 1020

**Ronald P. WAGNER and Anne M. Wagner, husband and wife, Plaintiffs/Appellees,**

**v.**

**Robert Brent CASTEEL and Carolyn Casteel, husband and wife; and Leonard Symons Hearn and Constance Julia Hearn, husband and wife, Defendants/Appellants.**

**No. 2 CA–CIV 4577.**

Court of Appeals of Arizona, Division 2.

May 6, 1983.

Price & Price by Daniel P. Price, Tucson, for plaintiffs/appellees.

Lacambra, Kerry & Schocket by Nikki A. Chayet, Tucson, for defendants/appellants.

OPINION

HOWARD, Chief Judge.

The Hearns and the Casteels owned a house in Tucson, Robert Casteel, pursuant to a power of attorney given him by the Hearns, sold the house to the Wagners. Prior to the sale Mr. Casteel told the Wagners that they would not have any problems with the roof because it was in good condition and he had just worked on it. This statement was also made to Mrs. Preble, the Wagners' real estate agent. Because this statement was made, the Wagners took no steps to have the roof inspected prior to buying the house.

The first time it rained, the roof leaked. This was not the first time it had leaked, since the evidence showed that prior to the sale to the Wagners the roof had leaked and the occupants of the house, the Parsons, had complained to Mr. Casteel about it. Mr. Wagner had the roof replaced, the cost of which was borne by his insurance company.

The trial court, over objection, allowed appellees to introduce into evidence the depositions of the Parsons which were taken via telephone. After hearing all the evidence, the trial court found that Mr. Casteel fraudulently misrepresented the condition of the roof and that the Hearns were bound by such representations since Casteel was acting for and on behalf of the Hearns. The trial court awarded appellees damages in the sum of $11,519.98 which included damages caused by the leaking water. It also awarded punitive damages in the sum of $5,000.

The complaint also had alleged, in a separate count, that the real estate taxes were improperly prorated at the closing and that appellants had refused to pay their proper share of a tax deficiency that resulted from

the improper proration. The trial court awarded appellees judgment on this count in the sum of $318.81 plus attorney's fees on that particular count in the sum of $825.

Appellants contend (1) that the court's finding of fraud was against the weight of the evidence; (2) that the trial court erred by ordering the telephone depositions and by admitting them into evidence; (3) that the trial court erred in finding that evidence of the insurance proceeds received by Wagner was inadmissible under the collateral source rule, and (4) that the court's award of attorney's fees in the amount of $825 on Count II was unreasonable. We affirm.

Actionable fraud requires the concurrence of nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon, and (9) his consequent and proximate injury. *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966). It is appellant's position that three of the required elements are missing, to-wit: a false representation, the right to rely, and knowledge of the falsity of the representation. Appellants contend that the statement which Mr. Casteel made to the Wagners and to Mrs. Preble was a mere expression of opinion, not a false representation, and that the Wagners had no right to rely on such an opinion. Appellants also contend that, assuming the statements were more than opinion, since Mr. Casteel denied that he had any knowledge of the roof leaks prior to the sale, there was no showing that he knew the representations were false. We do not agree.

Mr. and Mrs. Parsons both testified that they called Mr. Casteel and told him that the roof was leaking. This happened on more than one occasion. The record does not disclose any motive for the Parsons to testify falsely in the case and their testimony clearly shows that Casteel knew about the leaks in the roof. Casteel's statement concerning the roof was more than a mere expression of opinion. He knew that the roof leaked. He also knew that he had a handyman work on the roof and that the work did not include repairing any leaks. In fact, the work done by the handyman was of such a nature as to make the roof look as if it were in a good condition. Casteel's statements concerning the condition of the roof were, considering all the evidence in the case, false, intentionally misleading and constituted a concealment of the true facts. The evidence showed the presence of all nine elements of common law fraud.

Appellees noticed the taking of the Parsons' deposition in Canada. Appellants moved for a protective order asking that the discovery not be had, or that their expenses and cost of going to Canada be paid by appellees, or that the discovery be conducted by depositions on written interrogatories. Over appellant's objections, the court ordered that the depositions be taken by telephone at Wagners' expense. This was done. The testimony of the Parsons was highly damaging to appellants and they unsuccessfully sought to preclude its admission into evidence at the trial. They now contend that the trial court erred in allowing the taking of the depositions and admitting them into evidence since the Arizona civil procedure rules make no provision for telephonic depositions. While we agree that there is no specific rule that allows for the taking of a deposition by telephone, we believe the court has the inherent power, in fashioning its protective order, to grant such means of taking a deposition. We note the Federal Rules of Civil Procedure were amended in 1980 by adding Fed.R. Civ.P. 30(b)(7), which provides that the parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone. The federal rule recognizes that a great deal of the expense and inconvenience involved in discovery can be eliminated by the use of a means of communication which has been in existence for quite some time. In the case sub judice, the

court reporter and attorneys were located in an office in Tucson and used a speaker so that all could hear the testimony of the deponents with ease. We see no reason why this testimony should not have been admissible.

Appellants next contend the trial court erred in holding the evidence of insurance proceeds received by Wagner to be inadmissible. We do not agree. Although they recognize that the law in Arizona is that insurance proceeds may not be used to set off a subsequent damage award, *Michael v. Cole,* 122 Ariz. 450, 595 P.2d 995 (1979), they argue that the collateral source rule does not apply where there is a substantial connection between the insurance company and a second party. They cite as authority *Olivas v. United States,* 506 F.2d 1158 (9th Cir.1974). We find that *Olivas* does not stand for the proposition that if there was a "substantial connection" the proceeds may be set off. Instead, Olivas stands for the proposition that the collateral source rule is inapplicable where the defendant is the source of compensation to the plaintiff.[1]

As for the award of attorney's fees, the record shows that it was not until the first day of the trial that appellants finally admitted liability with regard to Count Two. Up to that time appellants had refused repeated efforts to resolve the improper proration claim. The fact that the attorney's fees are in excess of the amount in dispute does not mean they are unreasonable. Appellants took the risk of having to pay such an amount by its refusal to agree to a proper adjustment of the taxes.

Affirmed.

HOWARD, C.J., and HATHAWAY and BIRDSALL, JJ., concur.

1. In *Olivas,* the government/tortfeasor was allowed set off workmen's compensation payments made to the injured employee since the government had paid the premiums, in effect, to the insurance company which provided the benefits.