Ruth PATTON, Plaintiff–Respondent,

v.

The MAY DEPARTMENT STORES COMPANY, Defendant–Appellant.

No. 70348.

Supreme Court of Missouri, En Banc.

Dec. 13, 1988.

Michael A. Shaughnessy, Jr., St. Louis, for defendant-appellant.

Matthew J. Padberg, St. Louis, for plaintiff-respondent.

HIGGINS, Judge.

The May Department Stores Company appealed from a judgment entered on a jury verdict in favor of plaintiff, Ruth Patton. The Eastern District transferred the case to this Court. Appellant contends that: (1) the plaintiff failed to make a submissible case; (2) the trial court erred in allowing a telephone deposition and in admitting telephone deposition testimony; (3) the trial court erred in giving Instruction No. 6; (4) the trial court erred in admitting testimony that the condition was "like an accident waiting to happen"; and (5) the trial court erred in not granting a new trial on the ground that plaintiff's counsel invited the jury to return a verdict in excess of the prayer. Affirmed.

Ruth Patton sued May Department Stores to recover for injuries she sustained when she fell over a cardboard box left in the aisle of the store. The jury returned a verdict in favor of Ruth Patton for $22,500 assessing 25 percent fault to her, leaving a net recovery of $16,875.

### I.

May contends Patton failed to make a submissible case on grounds (1) that she failed to produce substantial evidence that she did not know or could not have known of the condition; and, (2) that she failed to produce substantial evidence that May Department Stores knew or could have known of the condition.

### A.

May's first contention is based on the assumption that the substantive law controlling business invitee cases requires the plaintiff to prove she was without knowledge of the condition. Paragraph 2 of MAI 22.03 states:

Second, plaintiff did not know and by using ordinary care could not have known of this condition, and....

In *Cox v. J.C. Penney*, 741 S.W.2d 28 (Mo. banc 1987), this Court held the plaintiff no longer bears the burden to prove she was without knowledge of the dangerous condition. *Cox* held that Paragraph 2 of MAI 22.03 should no longer be submitted in the verdict directing instruction, and that plaintiff's knowledge should be submitted by defendant under the principle of comparative fault. The comparative fault instruction was given in this case.

### B.

■ May's second contention is based on cases holding that the inference that merchandise was placed where it was by another customer is as strong as the inference that it was placed where it was by an employee. *Neis v. National Supermarkets, Inc.*, 631 S.W.2d 690 (Mo.App.1982); *Hart v. Emery, Biry, Thayer Dry Goods Co.*, 233 Mo.App. 312, 118 S.W.2d 509 (1938); *cf. Pollard v. J.J. Newberry Co.*, 228 S.W.2d 398 (Mo.App.1950). There is an inference that one of May's employees placed the box where it caused the injuries to Ruth Patton. Also, in this self-service store where customers are invited to inspect, remove, and replace goods on the shelf there is an inference that another customer disarranged the goods. When the evidence only shows these two competing inferences and the probabilities are at least equal as to whether an employee or a customer caused the accidents, the courts have held the plaintiff failed to make a submissible case. *Neis*. Under the facts of this case, however, the inference that an employee placed the box is shown superior to any inference that another customer placed it in the aisle and is sufficient to make a submissible case. The evidence showed the box Ruth Patton tripped over was a cardboard replenishing box filled with display boxes of Pampers. It was next to a gondola stacked with display boxes of Pampers. Next to the offending cardboard box were other cardboard replenishing boxes filled with display boxes of Pampers. Some of the replenishing boxes were half full, others were unopened. Under this evidence the inference that an employee placed the replenishing boxes in the aisle could be found stronger than the inference another customer placed it there, and thus, a submissible case.

### II.

May contends the trial court erred in allowing the telephone deposition testimony of Joseph Lapofsky because it is not provided for in the rules of discovery. This issue is one of first impression in this Court but has been resolved in other jurisdictions. Patton contends that Rule 56.01(c) grants authority to the trial court to order the telephone deposition. Rule 56.01(c) provides:

[T]he court may make any order which justice requires to protect a party or person from ... undue burden or expense ... including ...:

(2) that discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that discovery be had only by a method of discovery other than that selected by the party seeking discovery;

. . . .

Patton argues that the policy of avoiding undue expense allowed the trial court to order telephone deposition as justice required.

On October 22, 1987, Ruth Patton served May Department Stores with a notice to take the telephone deposition of Joseph Lapofsky on October 28, 1987. May filed a motion to quash that was heard and overruled by the trial court on October 28, 1987. The trial court offered defense counsel several days to be present with Joseph Lapofsky in New York during the taking of the deposition by telephone. Defense counsel was also given the opportunity to examine the witness over the telephone with plaintiff's counsel. Defense counsel refused both alternatives and the trial court ordered the telephone deposition to proceed on October 28, 1988.

"The trial court is vested with wide discretion to administer the rules of discovery. *Wipke v. Louisiana Farm Supply, Inc.,* 622 S.W.2d 772, 774 (Mo.App.1981). The court's exercise of discretion is subject to review and will not be disturbed unless exercised unjustly. *In re Marriage of Dickey,* 553 S.W.2d 538, 541 (Mo.App. 1977)." *Great Western Trading v. Mercantile Trust Co.,* 661 S.W.2d 40, 43 (Mo. App.1983). The trial court's discretion includes the discretion in "controlling the manner in which a deposition may be taken." *State ex rel. Nichols v. Killoren,* 285 S.W.2d 38 (Mo.App.1955).

■ This Court has previously spoken to the manner in which a deposition may be taken when no specific rule allows for the particular procedure requested. *State ex rel. Lucas v. Moss,* 498 S.W.2d 289 (Mo. banc 1973). In *Moss* this Court decided the issue whether a deposition may be recorded by video tape and shown to the jury. The analysis was "that the rules of civil procedure do not prohibit the video taping of a deposition, nor do they prohibit the use of a video tape in trial to present the deposition testimony of the witnesses to the jury," therefore, its use was permissible. *Moss* at 292. Similarly the rules of civil procedure do not prohibit the use of a telephone deposition.

The traditional requirements for taking a deposition upon oral questions were met in this case. Rule 57.03. The notice of examination stated the time and place for taking the deposition and informed May of the intent to take the deposition by telephone. Rule 57.03(b)(1). The certified court reporter before whom the deposition was taken put the witness under oath and stenographically recorded the testimony of the witness. Rule 57.03(d).[1] The requirements

of presentment, signature, certification, and filing were also met in this case. Rule 57.03(f), (g).

Further, the traditional requirements for use of a non-party deposition at trial were met. Joseph Lapofsky was a resident of New York at time of trial and was not present in court. Rule 57.07(3)(d).

Federal courts and some state courts provide by rule or statute for telephone depositions.[2] Other jurisdictions have allowed trial courts to order telephone depositions even though no specific rule provided for them. *Wagner v. Casteel,* 136 Ariz. 29, 663 P.2d 1020 (App.1983); *City of Kotzebue v. McLean,* 702 P.2d 1309 (Alaska 1985).

In *City of Kotzebue* the court allowed the telephone deposition of the only medical expert to be taken and admitted into evidence even though no specific rule provided for this procedure. In *Wagner* the plaintiffs gave notice of the taking of a deposition of a non-party witness in Canada. Defendants moved for a protective order asking that discovery not be had, or that their expenses and cost of going to Canada be paid by plaintiffs or that the discovery be conducted by depositions on written interrogatories. Over defendants' objections, the court ordered the depositions to be taken by telephone at defendants' expense. The deposition was taken and highly damaging testimony to the defendants was admitted over their objection at trial. The court held, "While we agree that there is no specific rule that allows for the taking of a deposition by telephone, we believe the court has inherent power, in fashioning its protective order, to grant such means of taking a deposition." *Wagner,* 663 P.2d at 1022.

---

**1.** Rule 57.03(d) states:

    **(d) Record of Examination; Oath; Objections.** The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under his direction and in his presence, record the testimony of the witness. . . .

Therefore, if someone other than the officer who gives the oath records the testimony, the person recording the testimony would have to be in the presence of the officer. The rule does not require the officer who administers the oath or affirmation to be in the presence of the witness.

**2.** Fed.R.Civ.P. 30(b)(7); Ark.R.Civ.P. 30(b)(7); Md.Rules 2–418; Ok.Ct.R. and P. 12 sec. 3207(c)(7); Iowa R. of Civ.P. 140(d); Fla.R.C.P. 1.310(b)(7); Wy.R.Civ.P. 30(b)(7); Tx.R.Civ.P. 202(2).

In *Wagner* the court reporter and attorneys were located in an office in Arizona and used a speaker phone so that all could hear the deponents who were in Canada.

█ The trial court, after hearing extensive argument on this issue, exercised its discretion and ordered the deposition to be taken over telephone. This exercise of discretion has not been demonstrated to be unjust. The trial court gave defense counsel the opportunity to be present in New York when the deposition was taken or at plaintiff's office where the telephone deposition occurred. The traditional requirements of the rules regarding depositions upon oral questions were met; and no rule prohibits the procedure in this case. Therefore, the deposition taken by telephone was permissible and proper evidence for the jury to consider.

### III.

█ May contends the trial court erred in submitting Instruction No. 6 which provided:

> In your verdict you must assess a percentage of fault to defendant if you believe:
>
> First, there were boxes on the floor of defendant's store and as a result the floor was not reasonably safe for customers, and
>
> Second, Plaintiff did not know and by using ordinary care could not have known of this condition, and
>
> Third, defendant knew or by using ordinary care could have known of this condition, and
>
> Fourth, defendant failed to use ordinary care to remove it, and
>
> Fifth, as a direct result of such failure, plaintiff was injured.

May argues this instruction was erroneous because it stated "boxes on the floor of defendant's store" instead of "box on the floor of defendant's store." May asserts

this was at variance with the pleadings and prejudiced it by allowing the jury to return a verdict based upon the theory that it kept a "messy house" as opposed to the negligent placement of a box. Evidence that boxes were present on the floor was admitted throughout the trial without objection. Therefore, the theory that boxes on the floor caused the incident was tried with the implied consent of both parties. Rule 55.-33(b).

"In determining the propriety of an instruction, evidence must be viewed in a light most favorable to the submission of the instruction, and a party is entitled to an instruction on any theory supported by the evidence." *Hopkins v. Goosecreek Land Co., Inc.*, 673 S.W.2d 465, 467 (Mo.App. 1984). May has failed to demonstrate how it was prejudiced, and a case should be reversed for instructional error only when the error materially affects the merits of the action. Rule 84.13(b).

### IV.

█ May contends the trial court erred in admitting into evidence the statement by Joseph Lapofsky that the cardboard boxes stacked in the aisle were "like an accident waiting to happen." The record indicates the objection to this statement was that it "was a conclusion and opinion and witnesses cannot testify to opinions and conclusions." [3]

> Generally, witnesses must state facts from which the jurors are to form their opinion, but when a witness has personally observed events, he may testify to his 'matter of fact' comprehension of what he has seen in a descriptive manner which is actually a conclusion, opinion or inference, if the inference is common and accords with ordinary experiences of everyday life.

*Travelers Indemnity Co. v. Woods*, 663 S.W.2d 392, 399 (Mo.App.1983); *see also*

---

**3.** On appeal May Department Stores does not pursue the objection that the question calls for a narrative response. This objection goes to the form of the question therefore it was waived. Rule 57.07(d)(3)(C). On appeal May Department Stores asserts the objection that the state-

ment "invades the province of the jury." However, "the only objections to evidence that can be considered on appeal are those that are made in the trial court." *State v. Northeast Building Co.*, 421 S.W.2d 297, 301 (Mo.1967).

*Galvan v. Cameron Mutual Insurance,* 733 S.W.2d 771, 774 (Mo.App.1987).

In describing what he saw Joseph Lapofsky testified:

> [B]oxes that were piled up for a sale and they were both blocking the aisle as well as ... stacked up so that they protruded into the aisle as well as some of them placed in a way where they were just sort of directly in the path of people who would be walking, and I remember as I was going through there observing these and that this was like an accident waiting to happen, and as I am looking at these boxes, in fact, a person who in my mind I called a little, old lady sort of came down the aisle and around the corner, and without noticing these boxes, just tripped and fell over one of them that was laying in the aisle.

Joseph Lapofsky's testimony was a description of what he comprehended and not a conclusion that an accident would happen. Therefore, the trial court did not abuse its discretion in admitting the testimony.

### V.

█ May contends the trial court erred in not granting a new trial on the ground that during closing argument plaintiff's counsel invited the jury to return a verdict in excess of the amount prayed for. *Bartch v. Terminal R.R. Ass'n of St. Louis,* 264 S.W.2d 937 (Mo.App.1954). The *Bartch* case is distinguishable from the present case because in *Bartch* the attorney specifically requested the jury to return a verdict of $14,000 when only $7,500 was prayed for, and the jury returned a verdict of $10,000. In the present case the plaintiff's attorney suggested a figure of $30,000, the amount of the prayer. Then, he went on to say, "You might think I'm too high, you might think I'm too low." There was no specific request of a verdict in excess of the prayer and the jury returned a verdict of $22,500 that was reduced by the assessment of 25 percent fault to plaintiff. No prejudice to the defendant is demonstrated.

The judgment is affirmed.

BILLINGS, C.J., BLACKMAR, WELLIVER, ROBERTSON and RENDLEN, JJ., and GAITAN, Special Judge, concur.

DONNELLY, J., not sitting.