The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on three questions arising under a specific fact situation. The fact situation and each of the questions are restated below as follows:
A court reporter, notary public, is asked to take a telephone deposition from two witnesses in another town in Arkansas. The court reporter does not know these witnesses personally. Both the defendant's and the plaintiff's attorneys are at the location of the court reporter.
ISSUES:
 1. Whether Arkansas law permits a notary to administer oaths via telephone.
 2. If you determine that an oath may be administered over the telephone, what language should the court reporter use in the certification in order to validate the deposition?
 3. Will a telephone deposition, assuming the certification language is correct, be admissible in court pursuant to A.C.A. 21-14-110?
It should be noted initially that the taking of telephone depositions is expressly provided for in the Arkansas Rules of Civil Procedure. Rule 30(b)(7) provides:
 The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone. For purposes of these rules, a deposition by telephone is taken at a place where the deponent is to answer questions propounded to him.
Your first question deals specifically with the administering of oaths by a notary over the telephone. Section 21-14-105 is the relevant Arkansas law granting notaries the authority to administer oaths. That section provides:
 Each notary public shall have the power to administer oaths in all matters incident to or belonging to the exercise of his notarial office.
The section above is silent on whether the notary must administer the oath in the physical presence of the deponent or affiant. It is my opinion, therefore, that this silence, when reviewed in conjunction with the express authority for telephone depositions found in ARCP 30(b)(7), operates so as to allow the taking of telephone oaths by a notary/court reporter in the specific context of a telephone deposition. See also generally, Patton v. May Department Stores Company, 762 S.W.2d 38 (Mo. 1988); Trujillo v. Dominguez, 13 FLW 2317, 532 So.2d 1101 (1988); and Wagner v. Casteel, 136 Ariz. 29, 663 P.2d 1020 (1983). Of course, the court reporter may resort to extrinsic measures to ensure that the deponent is who he or she purports to be. Additionally, nothing prohibits either party from making an allegation as to any suspected fraud occurring at the deposition.
Your second question concerns the language of the certification on a deposition which was taken by telephone. Rule 30(f)(1) of the ARCP provides:
 The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness.
It appears that there is no inconsistency between the certification of the two facts required by the rule above and the taking of a deposition by telephone. The reporter, as previously concluded, may swear the witness by telephone, and can certify that the deposition is a true record of the testimony taken by telephone. If the reporter is uncomfortable using the standard certification on a telephone deposition, there is nothing to prohibit modification of the certification language to reflect the fact that the oath and testimony were taken by telephone in accordance with the rules.
Your third question concerns the admissibility of a telephone deposition in court. You inquire as to whether A.C.A. 21-14-110
authorizes the admission of such documents. That section provides:
All declarations and protests made, and acknowledgements taken by notaries public, and certified copies of their records and official papers shall be received as evidence of the facts therein stated in all the courts of this state.
In my opinion the answer to your third question is "no." The admissibility of depositions, whether by telephone or otherwise, is governed by Rule 32 of ARCP, and the substantive content of such depositions if governed generally by the Arkansas Rules of Evidence.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.